### JOHN TRACY & others *vs.* CORNELIUS C. MALONEY & another.

Until the record of a case in the superior court is fully extended, the clerk's docket is the record and imports absolute verity.

In an action on a bond conditioned to pay the amount of such judgment as may be recovered in a suit against a third person by the plaintiff, the fact that there was a defence to such suit is immaterial, except so far as tending to show fraud in obtaining the judgment therein.

In an action on a bond conditioned to pay the amount of such judgment as may be recovered in a suit against a third person by the plaintiff, the facts that such third person was defaulted, that he had at the time of default, and long afterwards, sufficient property to satisfy the debt sought to be recovered in said suit, and that he had since sold the same without any effort on the part of the plaintiff to prevent it, do not of themselves tend to prove collusion, and are immaterial.

CONTRACT on a bond given by the defendants to dissolve an attachment in a suit commenced in the superior court by the plaintiffs against John Dunn and Catherine Maloney, doing business as partners under the style of John Dunn & Company, and conditioned to secure the payment of the judgment that might be rendered in that suit against John Dunn or Catherine Maloney or John Dunn & Company, within thirty days after the rendition thereof. The declaration alleged the making of the bond and the rendition of final judgment in said suit against Catherine Maloney, more than thirty days before the beginning of this action. The answer put the rendition of the judgment in issue

Tracy *v.* Maloney.

and alleged that the suit against Dunn and Maloney was for the price of liquors illegally sold; that Catherine Maloney was a married woman and therefore incapable of entering into a partnership; that the judgment was obtained by fraud and collusion; that Catherine Maloney had paid to the plaintiffs the full amount of the indebtedness of herself and Dunn; that she was never liable in said suit; and that at the time of and long after the recovery of the judgment she had property enough to satisfy it, but that the plaintiffs neglected to collect the judgment and allowed her to sell her property for the purpose of defrauding the defendants.

At the trial in the superior court, before *Wilkinson*, J., it appeared from the testimony of the clerk of the court, that the extended record of the suit of the plaintiffs against Dunn and Catherine Maloney had not been made. But the entries in the clerk's docket showed that the suit was entered; that Catherine Maloney was defaulted by consent; that the plaintiffs discontinued against Dunn; and that judgment was recovered against Catherine Maloney, and execution was issued thereon and returned unsatisfied. Upon this evidence the plaintiffs rested their case. The defendants contended that there was no sufficient evidence of a judgment against Catherine Maloney, but the judge ruled that the evidence was competent. The defendants' counsel then opened their case to the jury, stating that they relied upon the several matters set forth in the answer. Upon objection by the plaintiffs, the judge ruled that "none of the matters set forth in the answer could be gone into, except the question as to whether the judgment, if proved by the testimony of the clerk and his docket entries, had been obtained by fraud and collusion, and as to whether the plaintiffs had been paid."

The defendants offered to show, as tending to prove collusion, "that at the time of the alleged default, and for a long time afterwards, Catherine Maloney was the owner in her own right of sufficient property to satisfy this debt, and that she had since sold, the plaintiffs making no effort to prevent it." The plaintiffs objected to the admission of this evidence, and the judge rejected it.

The jury returned a verdict for the plaintiffs, and the defend‑ ants alleged exceptions.

*C. A. Winchester*, for the defendants.

*G. Wells*, (*N. A. Leonard* with him,) for the plaintiffs.

COLT, J. It was held in *Read* v. *Sutton*, 2 Cush. 115, that the docket is the record of the judgment, until the final record is fully extended, and that the same rules of presumed verity apply to it.

The bond upon which this action is brought is conditioned to secure the payment of the judgment, which the plaintiffs, in the suit then pending, might recover against John Dunn & Company or John Dunn or Catherine Maloney, and was given for the pur‑ pose of dissolving the attachment of property made therein. In due time judgment was recovered against Catherine Maloney, and by the express conditions of the bond the liability of the de‑ fendants became fixed therein, by their failure to pay the same within thirty days.

Most of the grounds of defence set up in the answer, and re‑ lied on at the trial in this case, might have been availed of in the original suit. But the neglect or omission of the defendants, who were duly served with process and appeared in court, to defend that suit on the grounds now stated, is not sufficient, in the ab‑ sence of fraud and collusion, to deprive the plaintiffs of the bene‑ fit of the judgment then recovered. For all that the defendants offer to show, the original judgment was not only valid between the parties to it, but it could not be reversed by them on a writ of error. There is no matter of law relied on, which is apparent on the face of the record, sufficient to invalidate it. And the facts relied on only show, at the most, that certain defences ex‑ isted which, if put in issue, would have led to a different judg‑ ment. They are not facts which affect the validity and regu‑ larity of the legal proceeding itself, and their existence will not support a writ of error after judgment.

The cases cited by the defendants stand either upon the famil‑ iar rule that a void judgment, recovered contrary to law, may be avoided by one who is not a party or privy to it, and who is prejudiced by it, although it has not been reversed: *Downs* v

*Fuller*, 2 Met. 135; *Laflin* v. *Field*, 6 Met. 287; and see *Vose* v. *Morton*, 4 Cush. 27, 31; or upon the rule that a judgment is conclusive evidence of the material facts upon which it is founded, only between parties and privies, and may be impeached by plea and proof in favor of third parties who are injuriously affected by it — a rule which is most frequently invoked in contests between judgment creditors over property of the debtor which they are seeking to apply in satisfaction of their respective claims. *Inman* v. *Mead*, 97 Mass. 310. Those cases do not control this. The liability of the defendants is to be determined by the terms of the bond given, and the question whether Mrs. Maloney had a defence to the original cause of action was immaterial, unless the existence of such defence tended to show fraud. And to this extent the defendants were expressly allowed to go, by the ruling of the court.

The evidence offered, that Mrs. Maloney was the owner of sufficient property to satisfy the debt, does not appear, as the case is stated, to have been material as tending to prove collusion, or to have been improperly rejected.         *Exceptions overruled.*