JOHN M. WAY *vs.* CHARLES H. LEWIS & another.

Suffolk,  March 3. — 9, 1874.  WELLS & ENDICOTT, JJ., absent.

In the absence of fraud and collusion, a judgment rendered against a principal is conclusive evidence of the debt thereby ascertained both against him and his surety on a recognizance subsequently taken on his arrest on execution.

CONTRACT on a recognizance, in which the defendant Lewis was principal, and the defendant Judson Murdock was surety.

At the trial in the Superior Court, jury waived, before *Putnam*, J., it appeared that the plaintiff commenced an action on a promissory note against the defendant Lewis, returnable at January term of the Superior Court, 1872; that the defendant appeared and filed an answer, but was afterwards defaulted, and judgment was entered for the plaintiff in June following, on which an execution was issued; that the plaintiff commenced another action returnable at the same term of court, on the same note against John Lewis and one Downing, who were indorsers on said note, and in June following obtained judgment against them on which executions issued; that in the said case against the defendant Charles H. Lewis, the plaintiff caused said Lewis to be arrested on June 20, 1872, on execution, and that the defendants in this suit entered into the recognizance upon which the present action is brought, by which they agreed to pay the sum of eight hundred dollars unless said Lewis should within thirty days from the time of his arrest deliver himself up for examination, as provided by law. It also appeared that Lewis did not deliver himself up for examination or comply with said recognizance.

At the trial the defendants offered to show that on or about March 15, 1872, said Downing, with his wife, made a mortgage to said Way on a dwelling-house in Boston, to secure the payment of $1000, and that when said mortgage was made Downing paid to Way out of said $1000 the promissory note, on which all of the aforesaid judgments were rendered and executions issued

and all costs and expenses relating thereto ; but the presiding judge ruled that the evidence would be incompetent as a defence to either defendant in this suit, and ordered judgment for the plaintiff, and the defendants appealed.

*J. W. Hubbard,* for the defendants.

*L. M. Child,* for the plaintiff, was stopped by the court.

GRAY, C. J. No fraud or collusion being shown, the judgment rendered against the principal was conclusive evidence of the debt thereby ascertained, both against him and against his surety on the recognizance subsequently taken upon his arrest on execution. *Heard* v. *Lodge,* 20 Pick. 53, 58. *Tracy* v. *Goodwin,* 5 Allen, 409. *Tracy* v. *Maloney,* 105 Mass. 90.

*Exceptions overruled.*