MARSHALL N. CUTTER & another *vs.* THOMAS C. EVANS.

Suffolk. March 3. — 9, 1874. WELLS & ENDICOTT, JJ., absent.

In the absence of fraud or collusion, a judgment against the defendant in an action is conclusive evidence of the debt both against him and a surety on a bond to dissolve an attachment.

To avoid such a judgment it is not sufficient to show that in the original action the defendant was, while it was pending, adjudicated a bankrupt under the laws of the United States, that the plaintiff proved his claim against his estate in bankruptcy, that the defendant's bankruptcy was suggested on the docket of the court in which the original action was pending, and that one of plaintiff's counsel was chosen assignee in the bankruptcy proceedings. The fact of bankruptcy and the proving of the plaintiff's claim should have been pleaded in bar, or a stay of proceedings obtained.

CONTRACT by Marshall N. Cutter and Benjamin F. Parker upon a joint and several bond to dissolve an attachment conditioned to pay a judgment within thirty days. The case was heard in the Superior Court upon the following agreed statement of facts:

" The writ was dated March 12, 1873. The defendant, Evans, was a surety upon the bond, and George C. Angell was principal, and the date of the bond was June 13, 1870. The original action, in which the attachment was made and the bond given, was brought in the Superior Court, for goods sold and delivered. Judgment was recovered against Angell in that action, at **January**

term 1871, and has never been satisfied or reversed. The defendant offered to prove certain facts which plaintiffs objected to as incompetent and immaterial; but if the same are competent and material, the following is to be taken as a true statement thereof:

"At July term, 1870, pending the above original action, James Sumner, an attorney at law, appeared and filed an answer therein for the defendant Angell. Thereafter, on September 27, 1870, Angell was adjudicated a bankrupt, under the laws of the United States, in the District Court of the United States for the district of Massachusetts, and on the same day, Charles G. Keyes, Angell's solicitor in bankruptcy, entered his name in said action, with Sumner's name, upon the clerk's docket, as of counsel for defendant, and made an oral suggestion of defendant's bankruptcy, which the clerk noted in pencil upon the docket, Sumner having been notified by said Angell to withdraw from the case. Keyes's name was never withdrawn. No motion or paper touching the bankruptcy was filed in this case. The plaintiffs put the action upon the trial list for January term, 1871. In January or February, 1871, one of the plaintiffs' counsel met Sumner upon the street, and said to him, 'I suppose you have no objection now to our having judgment in the Angell case.' And Sumner said 'No.' About the first day of March following, the case was reached upon the trial list, and plaintiffs were in court and said they were ready, and defendant not appearing, plaintiffs moved for a default, which was allowed. Ten days afterwards, on March 11, judgment was entered upon the default, on motion of the plaintiffs. In October, prior to the default and judgment, the first meeting in bankruptcy of Angell's creditors was held, and one of plaintiffs' counsel chosen assignee; and at the same meeting plaintiffs proved their claim, and the same was allowed , and plaintiffs appear upon the record of the bankrupt court as creditors who have proved their claim. Within thirty days after recovering the judgment, plaintiffs gave notice thereof in writing to Angell, and made demand for payment; and immediately after the expiration of the thirty days, gave similar notice to, and made demand upon Evans. Shortly after this, on April 17, 1871 Angell filed a bill in the United States District Court, asking for an injunction against plaintiffs, and, by consent, plaintiffs were

enjoined in the following terms: ' By consent in open court, ordered that injunction issue restraining respondents from levying their judgment mentioned in complainant's bill upon the person or estate of complainant, and from levying, or in any way proceeding in said judgment against the complainant, until the further order of the court.' Angell's discharge in bankruptcy was refused January 14, 1873, and the above injunction dissolved March 1, 1873.

" If these facts offered by defendant are competent, and afford a legal defence or ground for abating or barring this action, then such decree is to be made for the defendant as the court deems proper; otherwise, judgment to be entered for plaintiffs in one thousand dollars, the penalty of the bond."

On the foregoing facts judgment was ordered for the plaintiffs. and the defendant appealed to this court.

*G. W. Morse,* for the defendant. No creditor proving his claim in bankruptcy shall be allowed to maintain any suit therefor, and all proceedings already commenced shall be deemed to be discharged and surrendered thereby; and no creditor whose debt is provable shall be allowed to prosecute any suit therefor until the question of the debtor's discharge is determined. U. S. Bankrupt Act of 1867, § 21. By the first clause, if the claim is proved pending suit, the proceeding " shall be deemed to be discharged," and no action on the bankrupt's part is necessary. There need be no formal discontinuance, the proof itself discontinues the action. It is only when the claim is provable and has not been proved and the suit is to await bankruptcy proceedings that it is necessary to plead the bankruptcy. *Geikie* v. *Hewson,* 5 Scott N. R. 484. *Ex parte Flower,* De Gex, 503. *Ex parte Woolley,* 1 Rose, 394. *Ex parte Glover,* 1 Glyn & J. 270. *Woodward* v. *Meredith,* 8 Jur. 1136. *Bennett* v. *Goldthwait,* 109 Mass. 494.

The facts of the case at bar show a fraud under the bankrupt act, if not at common law, and a conspiracy to defraud the surety upon the bond, the present defendant. If the plaintiffs knew that Sumner had been requested to withdraw from the case when the conversation stated took place, it was a fraud on the law deliberately planned and executed, and a judgment collusively or fraudulently obtained may be impeached when drawn

In question as in this case. *Ex parte Foster*, 2 Story, 131, 160. *In re Bellows*, 3 Story, 428, 443. *Everett* v. *Stone*, 3 Story, 446 454. It is open to the sureties on a bond to impeach the judgment on which the action against them is founded for fraud, illegality, or collusion. *Heard* v. *Lodge*, 20 Pick. 53, 58. *Tracy* v. *Goodwin*, 5 Allen, 412.

*H. R. Cheney*, for the plaintiffs, was stopped by the court.

GRAY, C. J. The defendant, in the original action, might have pleaded in bar his bankruptcy and the proof of the plaintiffs' claim against his estate ; or might, at any time after the commencement of proceedings in bankruptcy, have applied to the court in which the action was pending for a stay of proceedings. U. S. St. 1867, c. 176, § 21. *Bennett* v. *Goldthwait*, 109 Mass. 494. *Bradford* v. *Rice*, 102 Mass. 472. But not having done either, the judgment rendered against him was lawful and valid, and in the absence of fraud or collusion (of which the case affords no evidence) was conclusive both against him and against the surety on his bond to dissolve the attachment. *Tracy* v. *Maloney*, 105 Mass. 90. The injunction granted by the District Court of the United States, if it ever had any validity, was dissolved before the bringing of the present action. The result is that there must be *Judgment for the plaintiffs*.