AMOS P. TAPLEY *vs.* PENFIELD B. GOODSELL & another.

Suffolk. Nov. 20, 1876. — Mar. 3, 1877. AMES & ENDICOTT, JJ., absent.

Under the Gen. Sts. c. 129, a declaration in an action against some of the obligors on a joint and several bond, alleging its execution by the defendants, is sufficient, without alleging its execution by the other obligors, unless objected to by plea in batement, demurrer, or special allegation in the answer.

In an action against a surety on a bond given to dissolve an attachment, it appeared by the extended record of the action in which the attachment was made that, at a regular term of court, the plaintiff recovered judgment, which was ordered to be entered as of a previous term, *nunc pro tunc*, on account of the death of the defendant. It appeared, from the papers in the case and the docket entries, that the term at which the judgment purported to be entered adjourned without day on November 21, and that the case was continued *nisi;* that a motion of the plaintiff to take a plea of a discharge in bankruptcy off the files was made during the term ; that the motion to enter judgment *nunc pro tunc* was handed to the judge on November 28, and ordered to be entered as of November term, and was filed in the clerk's office on January 8, following, and marked by the judge to be entered as of the preceding November term. *Held,* that the motion to enter judgment *nunc pro tunc,* as well as the motion to take the plea off the files, must be deemed to have been made before the adjournment of the term ; and that the case was within the Gen. Sts. c. 112, § 31, authorizing the court, "if an action is continued *nisi* from any term either for argument or advisement," to enter judgment as of the next preceding term.

If, after a verdict for the plaintiff in an action, the defendant dies, a judgment *nunc pro tunc* as of the term when the verdict was rendered is, in the absence of fraud or collusion, conclusive against a surety on a bond to dissolve an attachment.

CONTRACT against Penfield B. Goodsell and Andrew C. Mudge. Writ dated February 13, 1875. The declaration was as follows: " And the plaintiff says the defendants executed to him a bond, a copy whereof is hereto annexed; that the plaintiff recovered final judgment for a large sum in the action named in said bond; that the obligors named in said bond did not pay to the plaintiff the amount which he recovered in said action, within thirty days after said judgment, and have not, nor has either of them, paid the same, or any part thereof." Annexed to the declaration was a copy of a joint and several bond, dated September 14, 1871, executed by Lucretia W. Martin as principal, and the defendants as sureties, purporting to be executed and delivered in the presence of a subscribing witness, and to have been approved by the plaintiff's attorney, and containing the following condition:

" The condition of this obligation is such, that whereas said Amos P. Tapley has caused the goods and estate of said Lucretia W. Martin, to the value of six thousand dollars, to be attached on mesne process in a civil action, by virtue of a writ bearing date the twenty-third day of October, A. D. 1868, and returnable to the Superior Court then next to be holden at Salem, within and for the county of Essex, in said Commonwealth, on the first Monday of December then (1868) next, in which writ said Amos P. Tapley is plaintiff and said Lucretia W. Martin is defendant; and whereas said defendant wishes to dissolve the said attachment according to law. Now, therefore, if the above-bounden Lucretia W. Martin, Penfield B. Goodsell and Andrew C. Mudge shall pay to the plaintiff in said action the amount, if any, which he shall recover therein, within thirty days after the final judgment in said action, then the above written obligation shall be null and void, otherwise to remain in full force and virtue."

The defendants filed the following answer: " And now come the defendants, and for answer say, that they deny each and every allegation and statement in the plaintiff's declaration contained, the same as if each had been separately set out and a special denial made to each and every one of the same; that if any such judgment was obtained, it was void, rendered out of term time, when the court had no jurisdiction; that exceptions

were taken to the ruling of the court, and exceptions and a peti-
tion for proof of exceptions were duly presented and are still
pending."

At the trial in this court, before *Lord*, J., it was agreed that
Lucretia W. Martin died on June 12, 1873 ; that Mudge died
before the trial, and that the plaintiff discontinued as to him.
The defendant admitted his own and Mudge's signatures. The
plaintiff put in evidence, subject to the defendant's objection,
the bond and the testimony of the subscribing witness, that he
recognized his signature, but remembered nothing further about
the matter ; and also evidence that the bond was presented by
Goodsell to the attorney for the plaintiff in the action therein
described, for approval, and was approved by the attorney at
Goodsell's request. The defendant asked the judge to rule that
the plaintiff could not recover on his declaration, without an
allegation that the bond was executed by Lucretia W. Martin,
and that proof thereof was incompetent without such allegation ;
but the judge declined so to rule.

The plaintiff put in evidence the record of the case of Tapley
against Martin, as follows : " Commonwealth of Massachusetts.
Essex, ss. At the Supreme Judicial Court begun and held at
Salem, within and for the county of Essex, on the first Tuesday
of November, being the third day of said month, in the year of
our Lord one thousand eight hundred and seventy-four." [The
record set forth that at November term, 1870, the case was tried,
and a verdict returned for the plaintiff in the sum of $5714, and
exceptions taken by the defendant at the trial allowed by the
presiding judge ; that on October 18, 1871, the bankruptcy of
the defendant was suggested, and on February 26, 1872, the de-
fendant filed a plea of her discharge in bankruptcy ; that on
June 15, 1874, the death of the defendant was suggested ; that
on October 22, 1874, the plaintiff filed his suggestions in reply
to the defendant's plea of discharge in bankruptcy, praying that
the said plea might be taken from the record ; and that the
exceptions taken were overruled by the full court.] The record
concluded as follows : " And the court having heard and ma-
turely considered the motions of the plaintiff, that the defend-
ant's plea of discharge in bankruptcy be ordered to be taken off
the record, and that judgment be entered for the plaintiff in said

action, *nunc pro tunc*, as of the November term of this court in the year eighteen hundred and seventy-one; and having heard the counsel for the plaintiff in support of said motions, and A. A. Ranney, Esquire, in opposition to the same; said Ranney having been counsel for the defendant during her life, and being heard as *amicus curiæ*, and also as counsel for James D. Martin, only son of said defendant, and for P. B. Goodsell and A. C. Mudge, sureties on the bond given to dissolve the attachment in this suit, the said J. D. Martin, Goodsell and Mudge having been allowed to appear for the purpose of being heard upon said motions, but not as parties to this suit, doth order, and it is hereby ordered, that said motions be granted, and that said plea of discharge in bankruptcy be taken off the records of this court; it appearing that the alleged discharge, a copy of which was filed in support of said plea, was vacated by the court by which it purported to have been granted, before the filing of said plea, and at the term at which the alleged discharge was granted, and upon a final hearing and adjudication thereon, a discharge was refused in the defendant's lifetime; and that judgment be entered for the plaintiff, *nunc pro tunc*, as of the November term of this court in the year eighteen hundred and seventy-one. To the foregoing order the said Ranney and the said James D. Martin, Goodsell and Mudge allege exceptions, which exceptions are disallowed by the court. It is therefore considered by the court, that the plaintiff recover against the defendant, as of November term, 1871, six thousand fifty-eight dollars and seventy-four cents, damage, and costs of suit, taxed at eighty-nine dollars sixty-five cents. Judgment, December 2, 1871."

It was agreed that the last day of November term, 1871, was December 2, and that the last day of November term, 1874, was November 21.

The defendant introduced in evidence, subject to the plaintiff's objection, the following papers: 1st. The application of Goodsell and Mudge to be admitted to defend that action, with an indorsement on the same by *Wells*, J., under date of December 1, 1874, allowing them to appear for the purpose of being heard upon the pending motions to strike off the plea of discharge in bankruptcy and to enter judgment *nunc pro tunc*, but not as parties to the suit. This paper was also indorsed as filed

in the clerk's office December 8, 1874. 2d. An affidavit of Mr. Ranney, with similar indorsements. 3d. The motion of the plaintiff to enter judgment *nunc pro tunc*, which was indorsed by *Wells*, J., " Handed to the court November 28, 1874, and to be filed as of November term, 1874 ; " and which was indorsed as filed in the clerk's office January 8, 1875. 4th. The order of the court that the defendant's plea of discharge in bankruptcy should be taken off the files, and judgment entered *nunc pro tunc*, which was indorsed by *Wells*, J., " To be entered as of November term, 1874," and indorsed as filed in the clerk's office January 8, 1875. 5th. A copy of the docket entries in the case of *Tapley* v. *Martin*, which, so far as material, were as follows : " 1874, Oct. 22. Plaintiff's suggestions in reply to plea, &c., as on file. Nov. 18, continued *nisi*. Dec. 8. Motion of P. B. Goodsell *& al.* for leave to defend, &c. Motion of J. D. Martin for leave to defend, &c. A. A. Ranney allowed to appear, as indorsed on his affidavit on file. 1875, Jan. 8. Plaintiff's motion to enter judgment *nunc pro tunc*, affidavit of Amos P. Tapley, representation of J. D. Martin, and Mr. Ranney's objections to motions, 'handed to the court, Nov. 28, 1874, and to be filed as of Nov. term, 1874.' Paper submitted by J. D. Martin *et ali*. ' filed by A. A. Ranney, Esq., Dec. 1, 1874,' and to be filed by the clerk as of Nov. term, 1874. Order of the court that plea of discharge be taken off the record, and judgment entered, *nunc pro tunc*. Exceptions disallowed. 1874, Nov. 21. Judgment for plaintiff for $6058.74, damages, and $89.65, costs, as of Dec. 2, 1871." [See *Tapley* v. *Martin*, 116 Mass. 275 ; *Martin* v. *Tapley*, 119 Mass. 116.]

The judge ruled, against the defendant's objection, that on so much of the evidence as would be competent, the jury would be warranted in finding that Martin's signature was genuine, (if it was necessary to prove her signature,) and that neither the extended record nor the defendant's evidence would prevent the plaintiff from recovering.

A verdict was taken for the plaintiff by consent; and the judge reported the case for the consideration of the full court, and for such judgment as the report should warrant.

*A. A. Ranney*, for Goodsell.

*O. W. Holmes, Jr.*, (*G. O. Shattuck* with him,) for the plaintiff.

GRAY, C. J.   The first objection made at the trial was that the action could not be maintained, because the declaration did not allege that the bond was executed by Lucretia W. Martin. But the bond being several as well as joint, it would be sufficient at common law, in an action against one obligor, to allege that it was executed by him.   1 Chit. Pl. (16th Am. ed.) 51.   Our practice act was intended to simplify the forms of pleading, and has made no change in this respect.   The objection is not to the sufficiency of the evidence to support an action ; (as in the case of *Tarbell* v. *Gray*, 4 Gray, 444, cited by the defendant ;) for the bond produced, with the testimony of the subscribing witness, was sufficient proof of its execution by all the obligors.   *Valentine* v. *Wheeler*, 116 Mass. 478.   The objection is merely to the form of the declaration, and could not be taken otherwise than by demurrer, by plea in abatement, or by specific allegation in the answer, corresponding to a special plea in bar at common law.   Gen. Sts. *c.* 129, §§ 11, 13, 15.   Not having been so pleaded or demurred to, it was not open to the defendant at the trial. *Huntress* v. *Burbank*, 111 Mass. 213.

The other objections relate to the validity and effect of the final judgment against Martin in the original action.

It was argued that the court had no power to enter that judgment, because the plea of a discharge in bankruptcy under the act of Congress presented issues of law and fact, which must be tried by the court and jury before final judgment could be rendered.   But it is within the legitimate and familiar exercise of the power of the court to enter a judgment *nunc pro tunc* as of the term at which the verdict was returned, in order to prevent the plaintiff from being deprived of his rights by the death of the defendant, or even by an alteration in the statutes, while the exceptions are pending.   Gen. Sts. *c.* 115, § 14.   *Springfield* v. *Worcester*, 2 Cush. 52.   *Emery* v. *Parrott*, 107 Mass. 95.   *Tapley* v. *Martin*, 116 Mass. 275.   The power existing, the question whether it should be exercised in the particular case was within the discretion of the presiding judge.

It was further objected that the order for judgment was void, because it was passed in vacation.   But by the exemplification of the record, produced by the plaintiff, it would appear to have been made at a regular term.   And if we take into considera·

tion the docket entries and the papers offered by the defendant, they show that the motion to take the plea of a discharge in bankruptcy off the files was made at November term, 1874; that the motion to enter judgment *nunc pro tunc* was handed to the judge on November 28, 1874, and ordered by him to be filed as of said November term, and that said term had been adjourned on November 21, 1874, the case having been previously continued *nisi*. The reasonable inference is, that the motion to enter judgment *nunc pro tunc*, as well as the motion to take the plea off the files, was made before the final adjournment of the term; and the case is thus brought within the statute which authorizes the court, " if an action is continued *nisi* from any term either for argument or advisement," to enter judgment as of the next preceding term. Gen. Sts. *c.* 112, § 31.

It was finally argued, that the sureties could not be charged, because they were not parties to the action in which the judgment *nunc pro tunc* was rendered, and could not be in default by reason of not paying for thirty days after its date the amount of a judgment, which had no actual existence until long after the thirty days had expired.

But a surety on a bond to dissolve an attachment does not stand upon the footing of a stranger to the action. The very purpose, as well as the tenor, of his obligation, is to secure the payment of any judgment that may be recovered against his principal. The bond is not affected by contingencies which might have discharged the attachment, if no bond had been given. Neither death nor bankruptcy of the principal discharges the surety from his obligation to satisfy a judgment lawfully rendered against the principal or his representatives; but such judgment, in the absence of fraud or collusion, is conclusive against the surety. *Gass* v. *Smith*, 6 Gray, 112. *Tracy* v. *Maloney*, 105 Mass. 90. *Cutter* v. *Evans*, 115 Mass. 27.

The judgment now in question, having been ordered, in the lawful exercise of the power of the court, to be entered as of a previous term, was " the final judgment in said action," within the meaning of the bond to dissolve the attachment, and therefore, in contemplation of law, within the undertaking of the obligors, and binding upon principal and sureties equally. *Chauvel* **v.** *Chimelli*, 4 B. & Ad. 590    *S. C.* 1 Nev. & Man. 731. By the

terms of the bond, no demand or other act was necessary to charge the sureties ; but both principal and sureties undertook that the amount of the judgment should be paid within the thirty days, and, it not having been so paid, all were liable.

The technical difficulty of holding the judgment to be binding as of a date before it actually existed is no greater than has always attended every judgment rendered *nunc pro tunc,* and every judgment which took effect by legal relation at an earlier day than that at which it was actually entered. As Lord Mansfield was accustomed to observe, fictions of law can never be contradicted so as to defeat the ends and purposes for which they were invented. *Mostyn* v. *Fabrigas,* Cowp. 161, 177. *Morris* v. *Pugh,* 3 Burr. 1241, 1243. By the common law, judgments had relation to the first day of the term, and bound the lands of which the debtor was then seised, even if he aliened them *bonâ fide* before judgment was actually signed and execution issued ; 2 Saund. 9 *b,* note ; and the St. of 29 Car. II. *c.* 3, §§ 13–15, providing that as against *bonâ fide* purchasers they should be deemed judgments only from the time when they were actually signed, did not restrict their validity or effect, in law or equity, by relation to the first day of the term, as against the debtor or other persons. *Odes* v. *Woodward,* 2 Ld. Raym. 766, .849 ; *S. C.* 1 Salk. 87 ; *S. C.* cited 1 Barnard. 404. *Robinson* v. *Tonge,* 3 P. Wms. 398. In *Mara* v. *Quin,* 6 T. R. 1, it was held that a plaintiff, who had brought *scire facias* upon a judgment against an executor, might amend that judgment, by entering it as of an earlier term, and might also amend his *scire facias* accordingly, for the purpose of reaching assets of the testator, which had come to the executor's hands before the date of the judgment as it stood, unless the executor could show that some injustice would be thereby done ; and that decision was approved by Mr. Justice Metcalf, delivering the opinion of this court, in *Springfield* v. *Worcester,* 2 Cush. 62. By our practice, the record of a judgment may be amended or extended as of a former term, notwithstanding the time limited for suing out a writ of error has expired. *Rugg* v. *Parker,* 7 Gray, 172. *Parker* v. *Rugg,* 9 Gray, 209.

In the case at bar, the judgment, having been legally rendered as of the former term, has the same operation, for all purposes

necessary to make it effectual, as if it had been then actually entered. Any question of hardship to the sureties would be considered by the court before entering judgment *nunc pro tunc* and they would ordinarily be heard, as they were in this case, before entering such judgment.

*Judgment on the verdict for the plaintiff.*