JAMES P. CONNER AND OTHERS, EXECUTORS, ETC., RESPONDENTS, *v.* WILLIAM REEVES AND OTHERS, APPELLANTS.

*Bond indemnifying a sheriff for making a levy — construction of its conditions — effect upon the sureties of a judgment recovered against the sheriff by his consent.*

This action was brought against the sureties upon an undertaking given to indemnify the sheriff when making a levy under an execution upon property alleged to belong to the judgment debtor named therein. The undertaking was conditioned that if the obligors should well and truly save, keep and bear harmless and indemnify the said William C. Conner, and all persons aiding and assisting him in the premises from all harm, let, trouble, damage, liability, costs, counsel fees, expenses, suits, actions, judgments, etc., that should arise or be brought against him for or by reason of the levy, or of

any sale made thereunder of any property which he should judge belonged to the judgment debtor, then the obligation to be void, else to remain in full force and virtue. After the property had been seized a judgment for the value thereof was recovered by the true owner against the sheriff.

*Held,* that as the defendants had entered into an absolute agreement to protect the sheriff against any judgment that might be recovered, they were concluded by the judgment which had been recovered against him although they had no notice of the action.

That it was not necessary for the sheriff to show that he had paid the judgment which had been so recovered.

*Johnson* v. *Gilbert* (9 Hun, 469) followed; *Thomas* v. *Hubbell* (15 N. Y,, 405), distinguished.

That in the absence of any charge of collusion or fraud, the effect of the judgment so recovered was not impaired by reason of the fact that it was entered by consent given in open court.

APPEAL by the defendants from a judgment recovered on the verdict of a jury and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*Edward D. McCarthy,* for the appellants.

*Henry Thompson,* for the respondents.

DANIELS, J.:

The verdict was recovered for the amount of a judgment in favor of Gustavus Kahrs against the plaintiffs' testator, who was at that time sheriff of the city and county of New York. An execution had been issued to him in favor of Joseph Dubee against F. Fischer, upon a judgment which had been recovered for the sum of $149.66, by which the sheriff was directed to satisfy the judgment out of the goods and chattels and property of the defendant Fischer. And it seems to have been apprehended that the property designed to be levied upon might turn out to be owned by some other person than the defendant in the action, and to protect the sheriff against liability for levying upon and selling the property as that of the defendant in the execution, a bond was executed and delivered to the sheriff by the plaintiff in the execution and the two defendants who have now appealed from the judgment in this action. This bond was conditioned, that if the above bounden obligors shall well and truly save, keep and bear harmless and indemnify the said

William C. Conner, and all and every person and persons aiding and assisting him in the premises, of and from all harm, let, trouble, damage, liability, costs, counsel fees, expenses, suits, actions, judgments, attachments, fines, special proceedings and executions that shall or may at any time arise, come, accrue or happen to be brought against him, them or any of them, for or by reason of the levying, attaching and making sale under or by virtue of such execution of all or any personal property which he or they shall or may judge to belong to the said judgment debtor, or for or by reason of entering any shop, store, building or other premises, for the taking of any such personal property, or for or by reason of the defense of any action or proceeding which may be so brought against him, them or any of them, then this obligation to be void, else to remain in full force and virtue. And after the sheriff had taken and disposed of the property, an action was brought against him in the Court of Common Pleas by Kahrs, claiming to be its owner, for the recovery of its value, and in that action a judgment was recovered in his favor for the sum of $500, including the costs. The two defendants who appealed from the judgment had no notice of the suit brought by Kahrs against the sheriff, and knew nothing of the proceedings in it until after the judgment had been recovered, and for that reason it has been objected that they did not become liable under the condition of the bond to pay the sheriff the amount so recovered. But the bond was conditioned to save, keep and bear harmless and indemnify the sheriff from all liability, costs, counsel fees, expenses, suits, actions and judgments against him, for or by reason of levying and making sale of the property under the execution, which he or any person aiding or assisting him, should judge to belong to the judgment debtor. To bind them to the observance of this condition, notice of the proceedings against the sheriff was not required, for they had entered into an absolute and unqualified obligation to protect the sheriff against liability and judgment, although they themselves should not be informed of the proceedings taken against him. They bound themselves absolutely to keep him harmless from any judgment which might be recovered against him for the seizure and sale of the property under the execution. And having bound themselves in that manner, they were concluded by the regular recovery of a judgment against him, although they had no

notice of the proceedings in the action, resulting in its recovery. (*Bancroft* v. *Winspear*, 44 Barb., 209; *Gilbert* v. *Wiman*, 1 Comst., 550, 554, 555; *Bridgeport Ins. Co.* v. *Wilson*, 34 N. Y., 275, 280, 281.)

. It did not appear as a matter of fact that the sheriff had paid the judgment which had been recovered against him for the seizure and sale of the property. But that under this obligation was not required to be shown. For the condition of the bond in no manner made the liability of the obligors dependent upon the fact of payment. They had assumed to protect the sheriff against liability and against judgment, without requiring that either the liability or the judgment should be discharged before he could proceed against them on the bond for his indemnity. This point was considered and so held in *Johnson* v. *Gilbert* (9 Hun, 469), and directly results from the obligation which the obligors entered into by their bond. In this as well as the other respect considered, the case differs essentially from that of *Thomas* v. *Hubbell* (15 N. Y., 405), and is controlled by a different principle as that has already been stated.

The judgment against the sheriff did not result from an actual trial of the action brought for the value of the property sold by him under the execution, but from the consent of the counsel for the plaintiff in that action, and of the sheriff, and of Dubee the plaintiff in the execution. By that consent it was agreed in open court that judgment should be taken in favor of the plaintiffs for $400 damages and $100 costs, and the objection has been urged to this judgment recovered in this manner, that it was not such a judgment as was intended by the condition contained in the bond. But it was not alleged on the part of the defendants now appealing that this judgment had been fraudulently or conclusively allowed to be entered against the sheriff. Neither does the evidence of what took place justify the conclusion that it was of that character. For before the consent was secured for its recovery Mr. Greensward was consulted concerning the propriety of allowing the judgment to be taken, with the understanding that he represented the other obligors in the bond and was authorized to act for them in what took place resulting in the judgment, and he directed the counsel for the sheriff, as they were not able to obtain witnesses upon whose evidence the plaintiffs' title to the property could be contested, to

see what settlement he could make with him in the action. And pursuant to that direction the adjustment followed by the judgment was made as the best that could be done for the determination of the action against the sheriff. By the other evidence in the case the fact was proved that Greensward was not authorized to represent these two defendants in that manner, or to consent in their behalf to the recovery of the judgment. But while that is the effect of the proof, the fact that he was consulted upon the understanding that he was the counsel for these two defendants, and added his advice as to what he deemed proper should be done, is a circumstance indicating that the consent given for the recovery of the judgment was made in good faith believing that to be the best that could be done for all the parties concerned, as the case appeared to be presented by the facts which were at the time accessible to the parties and their counsel. And that together with the other evidence entirely repels the conclusion that this judgment was either fraudulently or collusively permitted to be entered against the sheriff. The evidence on the contrary fully warrants the inference that the judgment was allowed to be taken in good faith as the most advantageous disposition which could be made of the pending action against the sheriff. And as that was the fact the defendants by the condition of their bond became liable to indemnify and save the sheriff harmless from this judgment. For, as a general legal proposition, the rule has been settled where the effect of the bond is that the sureties shall be bound by the result of an action brought against the sheriff, that they will be bound when the judgment has been recovered in good faith and without collusion or fraud. (*Riddle* v. *Baker*, 13 Cal., 295, 306; *Binsse* v. *Wood*, 37 N. Y., 526, 531; *Cutter* v. *Evans*, 115 Mass., 27.) Consent alone to the recovery of the judgment when it may be given in good faith, and as the best alternative which can be adopted will not render a judgment collusive. For that purpose the consent must appear to have been induced by the intention to concede away what the parties giving it understand, or have reason to believe to be the just or legal rights of others, or they must be actuated by bad faith at least intending to concede what the facts render it their legal duty to prevent. The proof produced upon the trial of this action wholly fails to sustain the fact that the parties or their counsel

were induced to consent to the recovery of this judgment in this manner. It sustained the fact on the other hand that what they did they not only considered, but had good reason to believe was for the best interests of all the parties, either directly or indirectly concerned in the proceedings, and in this view notice in writing of what had transpired and of Dubee's hopes to pay the judgment itself was at once given to one of these two sureties in the bond, and that is an additional circumstance tending to remove any possible suspicion that bad faith entered in the least degree into the recovery of this judgment. The judge presiding at the trial was justified in directing a verdict as he did for the plaintiffs, and the judgment and order denying the motion for a new trial should be affirmed.

Davis, P. J., concurred.

Present — Davis, P. J., and Daniels, J.

Judgment and order affirmed.