CHARLES L. BERNHEIMER & others *vs.* WILLIAM CHARAK
& others.

Suffolk.   November 18, 19, 1897. — January 8, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Bond to dissolve Attachment — Liability of Sureties — Judgment —
Insolvency — Discharge.*

The liability of the sureties on a bond to dissolve an attachment, the action having gone to a judgment before proceedings in composition with creditors in insolvency are begun by the principal, is not changed by the principal's subsequent discharge.

CONTRACT, against the first named defendant and Isaac Charak, as sureties, and Aaron Slutzki, as principal, upon a bond given to dissolve an attachment. The case was submitted to the Superior Court, and, after judgment for the plaintiffs, to this court on appeal, upon agreed facts, in substance as follows.

The plaintiffs having begun an action against Slutzki in the Municipal Court of the city of Boston, the bond to dissolve the attachment was given, and filed in that court. On October 30, 1896, Slutzki, having been defaulted, judgment was entered in favor of the plaintiffs. On November 2, 1896, a demand was made upon Slutzki to satisfy this judgment, and on the same day he made a common law assignment for the benefit of all his creditors who became parties thereto. An execution on the judgment was duly taken out on November 5, 1896. A second demand for the satisfaction of the judgment was made upon Slutzki on November 27, 1896. On December 31, 1896, the execution was returned to court, in no way satisfied. On January 1, 1897, a demand was made on the sureties to satisfy the judgment against Slutzki. On November 19, 1896, Slutzki filed a voluntary petition in insolvency and an offer of composition, upon which petition and offer the Register of Insolvency, on November 21, 1896, duly issued to all known creditors, including the plaintiffs, notice of said offer. The claim of the plaintiffs was included in the list of the creditors of Slutzki, filed as

required by law in the insolvency proceedings. On December 18, 1896, the offer in composition was duly assented to and confirmed by the Court of Insolvency. On January 13, 1897, a discharge in insolvency was duly granted to Slutzki by the Court of Insolvency. The plaintiffs took no part in the insolvency proceedings, and received no dividend.

If the plaintiffs were entitled to recover against the sureties, judgment was to be entered for them against such of the defendants as might be liable therefor; otherwise, judgment was to be entered for the defendants.

*C. A. Jewell & G. H. Ryther*, for the defendants.

*L. M. Friedman*, for the plaintiffs.

KNOWLTON, J. Unless affected by some statute which applies directly to bonds like that in suit, it is clear that the liability of the defendants as sureties is not changed by the insolvency and the discharge of the principal in the bond. Pub. Sts. c. 157, § 85. *Gass* v. *Smith*, 6 Gray, 112. *New England Steam & Gas Pipe Co.* v. *Parker*, 10 Gray, 333. *Cutter* v. *Evans*, 115 Mass. 27. In *Tapley* v. *Goodsell*, 122 Mass. 176, 182, Chief Justice Gray said of a similar bond: " The bond is not affected by contingencies which might have discharged the attachment, if no bond had been given. Neither death nor bankruptcy of the principal discharges the surety from his obligation to satisfy a judgment lawfully rendered against the principal or his representatives ; but such judgment, in the absence of fraud or collusion, is conclusive against the surety."

The defendants rely upon the St. of 1889, c. 470. Prior statutes of the same series are the St. 1884, c. 236, St. 1888, c. 405, and St. 1889, c. 406. The first of these provided for a composition by a debtor with his creditors in the Court of Insolvency, and for the granting of a discharge to the debtor, but it contained no express provision in regard to bonds given to dissolve attachments. St. 1888, c. 405, provides that an obligee in a bond given to dissolve an attachment may have a special judgment against the surety on the bond in cases where the principal is discharged by proceedings for composition, so that no judgment can be obtained against him in the original action. This expressly extends section 23 of the Pub. Sts. c. 171, to such cases, if it did not apply to them before.

The legislation up to this point contained no provision for the dissolution of the attachment by proceedings for a composition in insolvency, for however short a time the attachment might have been in existence, but left security of that kind in full force after the debtor had obtained his discharge. To give the debtor relief in such cases, and to compel creditors who had attached property just before the proceedings in insolvency to share equally with the others when a composition is made, the St. of 1889, c. 406 was passed, which declares that the granting of a discharge shall dissolve such attachments made not more than four months prior to the time of giving notice by the register of the proposal for the composition. Apparently by an oversight, this statute failed to include cases where the attachment had been made a short time before the commencement of the insolvency proceedings and dissolved by giving a bond. Accordingly, in the same year chapter 470 was enacted, making a similar provision for cases of this latter kind. The defendants contend that it applies to cases in which final judgment is obtained in the original action before the commencement of the insolvency proceedings; but we are of opinion that it does not. When an attachment is not dissolved by giving a bond, a levy may be made immediately after obtaining judgment and execution, so that the creditor's rights to his security may be fixed beyond the possibility of disturbance by proceedings in insolvency. We are of opinion that this statute is intended to give to a creditor who has obtained a judgment before the proceedings in insolvency the same right to hold his security under a bond to dissolve an attachment as he would have if no bond had been given and he had chosen to make a levy upon the attached property immediately after the judgment. The right which the statute gives to the debtor is, in express terms, to have the action in which the attachment was made continued to await the result of the insolvency proceedings, and, if the debtor is discharged, to have the discharge operate as a release of the sureties on the bond, when the claim on which the attachment was made is one that would have been discharged if proved in the insolvency proceedings. The statute, in the operation described, can apply only to attachments in suits pending at the time of the commencement of proceedings

in insolvency.   If the action has gone to a judgment before the proceedings are begun, the right of the creditor to proceed against the sureties if payment is not made according to the terms of the bond is fixed, just as his right to the security of attached property would be fixed if he took out execution and made a levy immediately after the judgment.

*Judgment affirmed.*