DANIEL M. CURTISS *vs.* EDWARD W. CURTISS & others.

Berkshire.    September 9, 1902. — September 24, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Judgment.    Bond.*

In a bond given under St. 1888, c. 325, upon the removal of summary proceedings for the possession of land to the Superior Court on the ground that the title was concerned, the condition was to "pay to the plaintiff, if the final judgment is in his favor" all rent, intervening rent and damage from the withholding of possession of the premises. After judgment in the Superior Court for the plaintiff, he brought an action on the bond against the principal and sureties. The defendants admitted a breach of the condition, but asked for a ruling that the action could not be maintained because it appeared that the plaintiff had no interest in the land. *Held,* that the judgment in the former suit conclusively established that the principal defendant wrongfully withheld possession from the plaintiff and that the contention of the defendants was not open to them.

CONTRACT on a bond, conditioned as stated by the court, given by the defendants as principal and sureties upon the removal to the Superior Court from the District Court of Southern Berkshire under St. 1888, c. 325, of a summary proceeding against the principal defendant for the possession of land under Pub.

Sts. c. 155, § 24. Writ in the District Court of Southern Berkshire dated October 29, 1900.

On appeal to the Superior Court, the case was tried before *Aiken*, J. Before the bringing of this action, the summary process was prosecuted by the plaintiff to final judgment in the Superior Court, execution was issued therein, the defendant was removed from the premises, and the plaintiff was given possession. At the trial of the present action it appeared that the plaintiff had no interest in this case and no interest in the premises described and no title thereto, and acted as the attorney in fact of Edward A. Everett and Della C. Stillman, the owners of the premises, under powers of attorney made to him by them, and with their knowledge and approval. A breach of the condition of the bond was admitted, and with the exception of the matter above stated, the evidence was confined to the issue of the amount of damages.

The defendants asked the judge to rule that upon the evidence this action could not be maintained by the plaintiff. The judge refused so to rule and ruled that the action could be maintained; and the defendants alleged exceptions.

*E. H. Lathrop*, for the defendants.

*H. C. Joyner*, for the plaintiff.

HOLMES, C. J. This is an action on a bond given under St. 1888, c. 325, R. L. c. 181, § 6, upon the removal of summary proceedings for the possession of land to the Superior Court upon the ground that the title was concerned. Pub. Sts. c. 155, § 24. R. L. c. 161, § 19. The condition of the bond is to " pay to the plaintiff, if the final judgment is in his favor, all rent then due, all intervening rent, and all damage and loss which he may sustain by reason of the withholding of the possession of the demanded premises, and by reason of any injury done thereto during such withholding, together with all costs " etc. At the trial a ruling was asked that the action could not be maintained, on the ground that although a breach of the condition was admitted, it appeared that the plaintiff had no interest in the property but brought the former suit in his own name when acting merely as agent for the owners. The ruling requested was refused, and an exception to the refusal raises the only question before us.

Obviously the defendants are too late for the contention which they seek to make. The judgment contemplated by the bond has been rendered, and having been obtained without fraud conclusively establishes, as between the plaintiff and them, that the principal defendant wrongfully withheld possession from the plaintiff. The defendants cannot retry the merits of that suit. In the request no distinction was made between the principal defendant and the sureties, if any such distinction could be taken. *Tracy* v. *Goodwin*, 5 Allen, 409. *Way* v. *Lewis*, 115 Mass. 26. *Cutter* v. *Evans*, 115 Mass. 27. *Glover, appellant*, 167 Mass. 280, 283. The exceptions must be overruled if the request was wrong as against even one. But if the wrongful withholding was established the court could not say that there was nothing due on the bond, or turn the plaintiff out of court in the present suit. No question of the measure of damages is before us.

*Exceptions overruled.*