GEORGE D. GIATAS *vs.* ARTHUR DEMOULOS & another.

Middlesex.    March 4, 1930. — March 24, 1930.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Surety. Bond,* To dissolve attachment. *Judgment. Evidence,* Competency.

In an action in a district court against the surety upon a bond given to dissolve an attachment, the defendant pleaded an accord and satisfaction, a release by the plaintiff under seal and fraud. It appeared that the plaintiff recovered judgment in the previous action which the defendant therein had failed to satisfy. The trial judge in the action on the bond admitted evidence offered by the defendant surety that, after the giving of the bond, a sum of money had been paid to the plaintiff, who had executed a general release under seal to the defendant surety and to the principal on the bond; that the parties in the previous action had signed an agreement for the making of docket entries terminating it; that the defendant therein had agreed to file said agreement; that he was of parts unknown; and that the defendant surety was unable to produce the release. The trial judge, upon the plaintiff's request that he rule that the judgment in the previous action was binding and could not be attacked collaterally, ruled that it could not be attacked collaterally in the absence of fraud or collusion; and found for the defendant. *Held,* that

(1) The ruling was correct;

(2) The evidence admitted was not incompetent on the ground that it would impeach collaterally the judgment recovered by the plaintiff in the previous action;

(3) That judgment was not conclusive on the defendant surety as to matters of defence not adjudicated thereby and personal to said defendant;

(4) The evidence admitted related to such a defence and was competent;

(5) The finding for the defendant was warranted.

CONTRACT. Writ in the District Court of Lowell dated December 20, 1928.

Material evidence and rulings by the judge at the trial in the District Court are stated in the opinion. The judge found for the defendants and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed and the plaintiff appealed.

*F. F. O'Donnell,* for the plaintiff.

*T. J. Noucas,* for the defendants.

FIELD, J. This is an action of contract brought in the district court on a bond, on which one Theodoros Theodoropoulos was principal, and the defendants and another, sureties, to dissolve an attachment made in an action brought by the plaintiff against said Theodoropoulos. The defendants set up in their answer accord and satisfaction, release under seal, and fraud. The trial judge found for the defendants. There was a report to the Appellate Division which was dismissed, and the plaintiff appealed.

The trial judge found "that on or about August 14, 1925, the plaintiff brought [an] action against . . . Theodoropoulos by a writ returnable to the Superior Court . . . , and caused an attachment to be made by virtue thereof on certain real estate . . . ; that on or about August 18, 1925, said Theodoropoulos as principal and the defendants together with Nicholas Cazanas as sureties executed a bond in common form . . . to dissolve said attachment . . . ; that later, on October 3, 1927, the plaintiff . . . recovered judgment by default . . . ; [and] that the defendants, though thereunto requested, have failed . . . to satisfy said judgment or any part thereof. . . ." The bond was joint and several. It was conditioned upon payment of final judgment or a special judgment under G. L. c. 235, § 25. See G. L. c. 223, § 120.

There was "evidence, . . . admitted against the objection of the plaintiff, . . . tending to show and the court found, that on or about January 30, 1926, at a time when said action . . . was pending . . . and subsequent to the giving of said bond . . . , the sum of $200 was paid and a credit of $50 on account of his indebtedness to . . . [the defendant] Demoulas was given to . . . [the plaintiff] and were accepted by him in full payment and satisfaction of the amount which he was seeking to recover in his said action . . . ; that this payment was made as a result of a compromise agreement to which the defendants in the present case, their cosurety, . . . the principal on said bond, and . . . the plaintiff . . . were parties; that at the time of such

payment and as part of . . . the same transaction, . . . [the plaintiff] executed a release under seal to said . . . Theodoropoulos and the defendants and said . . . Cazanas of all claims or demands against them to date, and signed an agreement to the effect that an entry be made on the docket . . . in his said action . . . of judgment for the defendant or judgment for the plaintiff, judgment satisfied; that this release and this agreement were delivered to . . . Theodoropoulos in presence of the defendants with an understanding . . . that he would seasonably file the agreement with the clerk of the Superior Court; that . . . Theodoropoulos . . . at the time of the trial of the present case was of parts unknown; that the defendants had made diligent search for said release and agreement, but without success . . . ; [and] that the defendants relied on said release and agreement and had no knowledge of the judgment recovered by the plaintiff . . . until on or about October 21, 1927, when demand was made upon them by the plaintiff's attorney."

The plaintiff requested rulings that (1) upon all the evidence the plaintiff is entitled to recover, and (2) upon all the evidence there is no defence to this cause of action, which were refused by the trial judge. A third ruling requested by the plaintiff, that "The judgment of the Superior Court is binding and cannot be attacked collaterally in this court" was given in the following modified form: "The judgment of the Superior Court, in the absence of fraud or collusion, is binding and cannot be attacked collaterally in this court."

The evidence offered, which the trial judge accepted as true, showed that the defendants' obligations on the bond had been discharged by accord and satisfaction, and release under seal. It came within the terms of the defendants' answer. The plaintiff contends, however, that this evidence was inadmissible because it impeached collaterally the judgment in the Superior Court for the plaintiff against Theodoropoulos. This contention is unsound. It is true that in the absence of fraud or collusion a judgment against a defendant, by default or otherwise, in an action in which he has given bond to dissolve an attachment is conclusive

against the sureties on such bond in an action thereon. *Tracy* v. *Maloney,* 105 Mass. 90. *Cutter* v. *Evans,* 115 Mass. 27. *Tapley* v. *Goodsell,* 122 Mass. 176, 182. *Salvin* v. *Sidman,* 230 Mass. 278. *Woogmaster* v. *National Surety Co.* 260 Mass. 184, 188. See also *Treasurer of Boston* v. *Schapero,* 217 Mass. 71. The reason for this rule is found in the terms of the bond which bind the sureties to pay a judgment obtained against the principal. The fact that the principal had a defence which he did not set up in the earlier case was not material to the present action unless it tended to show fraud or collusion (*Tracy* v. *Maloney, supra,* page 93), and the sureties were bound to take that case as it was left by the principal, the defendant therein (*Savage* v. *Welch,* 246 Mass. 170, 177), with a judgment against him. Such a judgment, however, though conclusive upon the sureties as to matters of defence between the parties thereto, would not be conclusive as to matters of defence personal to the sureties and not adjudicated thereby. See *Heard* v. *Lodge,* 20 Pick. 53, 58; *Tracy* v. *Goodwin,* 5 Allen, 409; *Way* v. *Lewis,* 115 Mass. 26; *Curtiss* v. *Curtiss,* 182 Mass. 104; *Ruggles* v. *Bernstein,* 188 Mass. 232. The evidence offered bore upon such defences of the sureties. They were not precluded from showing that they were not bound by contract to pay such a judgment. The evidence was admissible for this purpose and did not impeach the judgment. The trial judge ruled correctly and his finding for the defendants was warranted.

*Order dismissing report affirmed.*