ETTA MARCUS *vs.* SADIE RICE & another.

Suffolk.    May 27, 1930. — July 2, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Bond*, To dissolve attachment. *Surety*. *Contract*, Validity. *Fraud*.

At the hearing without a jury of an action against the surety on a bond given to dissolve an attachment in an action of tort for negligence in the operation of an automobile, the defendant's answer contained allegations that the bond was obtained by false representations and fraudulent concealment of facts by the plaintiff's attorney. There was evidence that, several months previous to the execution of the bond, the defendant in the action of tort had been defaulted, but that the default had been removed a few days later; that the plaintiff's attorney in that action had been informed by the defendant's insurance company that it disclaimed liability; that the attorney had brought proceedings against the same defendant for another client and had attached his bank account; that he thereupon had obtained a special precept in the action of tort and had attached the defendant's property; that the amount of the attachment was reduced by agreement of the parties; that the bond in suit then was executed; that the attorney did not inform the defendant surety of any of such circumstances before he executed the bond; and that the attorney promised to notify the defendant surety of the proceedings from time to time. It appeared that the plaintiff obtained judgment in the tort action and held the execution for more than a year thereafter, without any action thereon or attempt to notify the principal or surety on the bond, before bringing the action on the bond. The trial judge found that neither the plaintiff nor his attorney made any false representations

in obtaining the bond, that the defendant surety did not rely on them even if they were made and that the attorney did not notify the defendant surety concerning the default of the defendant in the tort action; and found for the plaintiff. *Held*, that

(1) The default of the defendant in the tort action and the removal of the default in the circumstances were immaterial to the obligations of the defendant surety on the bond later given and were not prejudicial to him; and the plaintiff violated no duty to the defendant surety in failing to notify him concerning the default;

(2) The trial judge was not bound to believe the evidence as to the other circumstances not disclosed to the defendant surety; and the judge's conclusion involved a finding that no facts were concealed from the defendant surety to his prejudice;

(3) Furthermore, if such evidence were believed, no violation of any duty owed by the plaintiff to the defendant surety was shown thereby;

(4) The evidence justified a finding that the judgment in the tort action remained unpaid for thirty days;

(5) The finding for the plaintiff was warranted.

CONTRACT upon a bond to dissolve an attachment. Writ in the Municipal Court of the city of Boston dated December 12, 1927.

On removal of the action to the Superior Court, it was heard without a jury by *Qua*, J. The amended answer of the defendant Werby contained allegations of fraud on the part of the plaintiff in obtaining the bond. There was evidence that the previous action by the plaintiff against Joseph Rice was in tort for negligence in operating an automobile; that Rice was defaulted for failure to answer interrogatories therein on February 20, 1925; that the default was removed on February 25, 1925; that in September, 1925, the plaintiff's then attorney was informed by Rice's insurance company that it disclaimed liability on its policy; that the attorney on September 9, 1925, brought proceedings for another client against Rice and attached his bank account; that on September 9, 1925, he obtained a special precept in the plaintiff's action in tort and attached property of Rice; that the amount of the attachment was reduced to $2,000 by agreement of the parties on September 11, 1925; that the plaintiff's attorney did not inform the defendant Werby of any of such circumstances before Werby executed the bond as surety on Sep-

tember 15, 1925; and that the attorney promised to notify the defendant Werby of the proceedings from time to time.

Findings and rulings by the judge are stated in the opinion. He found for the plaintiff in the penal sum of the bond and assessed damages in the sum of $1,761.66. The defendant Werby alleged exceptions.

The case was submitted on briefs.

*E. M. Dangel, L. E. Sherry & J. J. Holtz,* for the defendant Werby.

*F. D. Harrigan & G. I. Cohen,* for the plaintiff.

SANDERSON, J. This is an action of contract against the sureties on a bond, dated September 15, 1925, given to dissolve an attachment. The plaintiff is the obligee and the defendants are the two sureties. The only excepting party is the defendant Abraham Werby, who will be referred to as the defendant.

At the hearing of the case by a judge without a jury, he found for the plaintiff in the penal sum of the bond and ordered execution in a stated sum. In referring to the defences set up in the answer the judge in his finding of facts stated that he was not satisfied that the plaintiff or her attorney made the alleged false representations or that the defendant relied upon any such representations if they were made; that the defendant is a "capable and intelligent business man, who signed the bond with his eyes open, taking whatever risk might be involved in so doing"; that it was possible counsel for the plaintiff made some statements tending to reassure the sureties and to minimize the risk, but, if so, the judge was not satisfied as to what such statements were or that they amounted to fraud as alleged. A fact alleged in the answer to have been fraudulently concealed is that on February 20, 1925, the defendant, in the action in which the bond was given, had been defaulted. The default to which reference is there made was entered on motion for failure of Joseph Rice, the defendant in the original action, to answer interrogatories, and was to be removed if answers thereto were filed within ten days. On the fifth day after this default the answers were filed by Rice. The judge in the case at bar

found that the plaintiff did not reveal to the defendant the fact of this default. This default, entered and removed under the circumstances disclosed, would seem to have no connection with the defendant's obligations on the bond given to dissolve an attachment made several months later. See *Hudson* v. *Miles*, 185 Mass. 582, 585. We are of opinion that the plaintiff violated no duty it owed the defendant in failing to inform him of this default.

The defendant contends that the finding should have been in his favor because of concealment of facts relating to the reduction of the amount of the attachment by agreement, the disclaimer of liability by the insurance company and the knowledge of the plaintiff's attorney that Joseph Rice had been sued in another action and his bank account attached. The conclusion reached by the trial judge involved a finding that no material facts were concealed which misled the defendant to his prejudice. He was not bound to believe the testimony of the plaintiff's attorney, but if that testimony was believed no error appears in the conclusion reached by the judge. The recital in the bond to the effect that the attachment "to the value of Fifteen Thousand Dollars ($15,000.)" was "reduced by order of Court to Two Thousand (2000) dollars" could not have been found to be a misrepresentation or concealment of a material fact. The reduction was made by order of court even though based upon agreement or consent of counsel. In the absence of any inquiry concerning the matter, the plaintiff was under no legal obligation to tell the defendant what the attitude of the insurance company was in the matter of its liability on the accident policy of Joseph Rice or that the plaintiff's attorney had begun legal proceedings against Rice for another client. See *Province Securities Corp.* v. *Maryland Casualty Co.* 269 Mass. 75, 90, 91, 92. A promise by the plaintiff's attorney to keep the defendant informed as to proceedings even if made and not kept would not relieve the defendant from liability on the bond, but it does not appear that the judge found that such a promise was made. Upon the evidence no error appears in the refusal of the trial judge to make a ruling based upon the assumption

or upon a finding not made, that the judgment in the original action was obtained by fraud. See *Giatas* v. *Demoulas*, 271 Mass. 51, 53. The findings of the judge as to the alleged fraudulent misrepresentations are conclusive against the defendant's contentions on these issues. The condition of the bond was that Joseph Rice should pay the plaintiff the amount if any that she may recover in the action within thirty days after final judgment. The plaintiff's attorney testified that he knew thirty days after judgment was entered that the surety was good financially. It appears from a statement in the record that the defendant in the original action was again defaulted on February 25, 1926, and that damages were thereafter assessed; that on October 25, 1926, judgment was entered in the sum of $1,525.25 and execution issued on November 18, 1926; and that the plaintiff held the execution without any action against the principal or sureties and made no effort to notify them of the execution or to collect the same for one year and two months. The evidence justified the conclusion involved in the finding that the judgment remained unpaid for thirty days.

We find no reversible error in any of the exceptions argued.

*Exceptions overruled.*