POWERS REGULATOR COMPANY *vs.* UNITED STATES FIDELITY & GUARANTY COMPANY & another. May 3, 1979. 1. The judge did not err in ruling that the plaintiff, a supplier of materials to the defendant subcontractor Brandt-Jordan Corp., could recover from the defendant surety company on the payment bond given by the subcontractor to the general contractor. That bond was conditioned on the subcontractor's making "payment to all persons supplying to [it] labor and material in the prosecution of the work provided for in [the] contract *and* [on the subcontractor's] sav[ing] harmless the [general contractor] against any expenditure or loss . . . arising from claims against the [general contractor] . . . by those claiming to have supplied labor and materials to [the subcontractor] . . . in connection with the said work" (emphasis supplied). By the express terms of G. L. c. 149, § 29A, the plaintiff, as a supplier of materials to whom payment was due, could bring an action on the bond directly against the surety. "The purpose of § 29A was to create a statutory exception to the rule of law in this Commonwealth which had been held to preclude recovery under a contract by a third-party beneficiary." *M. Lasden, Inc.* v. *Decker Elec. Corp.,* 372 Mass. 179, 182 (1977). The statute "should be broadly construed to effectuate its self-evident policies." *Id.* at 183. It is not a requirement of § 29A that a supplier be named in the bond as an obligee in order to sue thereon; nor does the statute distinguish between a bond given by a general contractor to the owner and one given by a subcontractor to the general contractor. Compare 17 Am. Jur. 2d Contractors' Bonds §§ 15 and 16 (1964). Cases reaching the same result in the absence of such a statute include *Pacific States Elec. Co.* v. *United States Fid. & Guar. Co.,* 109 Cal. App. 691, 694 (1930); *Pacific Natl. Fire Ins. Co.* v. *Cummins Diesel of Georgia, Inc.,* 213 Ga. 4, 7 (1957); *Fidelity & Deposit Co.* v. *Pittman,* 52 Ga. App. 394, 398-399 (1936); *Griffith* v. *Stucker,* 91 Kan. 47, 52-53 (1913); *Parliament Ins. Co.* v. *L.B. Foster Co.,* 533 S.W.2d 43, 50 (Tex. Ct. Civ. App. 1975). See also cases collected at 118 A.L.R. 90 (1939). 2. The judge did not err in adopting that portion of the master's report wherein the master found the subcontractor liable to the plaintiff for extra work in accordance . with the finding of an arbitrator. Arbitration of "any disputes arising out of or relating to this subcontract" was expressly provided for in the subcontract, which, in turn, was incorporated by reference in the

payment bond. As the surety company agreed implicitly to that method of determining the contractual liability of its principal (the subcontractor), it could avoid the result of the arbitration only by showing that it was obtained by fraud or collusion. See *Giatas* v. *Demoulos*, 271 Mass. 51, 53-54 (1930); *Martiniello* v. *Robitaille*, 293 Mass. 200, 202-203 (1936). No such contention was made.

*Judgment affirmed.*

*Jerold Newirth* for the United States Fidelity & Guaranty Company. *Sally A. Corwin* (*Joseph A. Pisarri* with her) for the plaintiff.