ALBANY,
January; 1822.

OSTERHOUT
v.
HARDEN-
BERGH.

Now, where a judgment is recovered in a Court of C. P. for less than twenty-five dollars, the defendant is entitled to costs. The appellant brought the action, at his own risk, under this act before the justice, to recover fifty dollars, and if he has failed in the experiment, it is his own fault. He is entitled to costs only where he would have been entitled to them in the Court of Common Pleas, before the passing of the act to extend the jurisdiction of justices of the peace. The appeal is remedial; and if a verdict should be recovered before a justice for forty-nine dollars, which on appeal should be reduced to one dollar, and yet the appellant must pay costs, the remedy would be worse than the disease.

---

OSTERHOUT *against* HARDENBERGH, Administrator, &c.

In an action of *assumpsit* against an *admi-nistrator*, the defendant pleaded *non assumpsit, non assumpsit infra sex annos,* and *plene adminis-travit,* and a verdict was found for the plaintiff on the two first pleas, and for the defendant on the third plea: *Held,* that the plaintiff was en-titled to judgment of *assets quando acciderint,* &c. for the amount of damages assessed on the first issue; but that the defendant should have judgment for his *costs.*

THIS was an action of *assumpsit* for work and labour, and services done and performed, by the plaintiff for the intestate, in his life time. The defendant pleaded, *non assumpsit, non assumpsit infra sex annos, actio non accrevit,* &c. and *plene administravit;* and the plaintiff joined issue on these pleas. The cause was tried at the last *Ulster* circuit, when the jury found a verdict for the plaintiff on the two first issues, and assessed the damages at 600 dollars; and they found a verdict for the defendant on the third issue, or the plea of *plene administravit.*

*Ruggles,* for the plaintiff, now moved, that the plaintiff have judgment of assets, *quando acciderint,* &c. together with the *costs* of the suit to be taxed, &c.

*Billings,* contra.    He cited, 12 *East,* 231.    2 *Chitty Pl.* 496. 449, 450, 451.    *Tidd's Pr.* 894.

*Per Curiam.*    There appears to have been some diversity in the decisions, whether the plaintiff, under these circumstances, is entitled to judgment for assets, *quando acciderint,* and, also, whether upon such a state of pleadings, he is entitled to costs.    We are of opinion, that the plaintiff is entitled to judgment for assets, *quando,* &c.    It has been conclusively ascertained by verdict, that the testator was indebted to the plaintiff to the amount found by the jury; and, notwithstanding that it is also found, that the defendant has fully administered, he may, in the course of administration, acquire assets in future.    The verdict is conclusive, that the defendant has not present assets, but it is not conclusive that he may not hereafter have assets; and the indebtedness of the testator having been established, the plaintiff will be entitled to have his debt satisfied, should the defendant hereafter acquire assets.    In *Hindsley* v. *Russell, Executor,* (12 *East,* 231.) under an analogous state of facts, the Court of King's Bench said, that the plaintiff was, at all events, entitled to judgment of assets, *quando,* &c. With respect to the other part of the motion, that the plaintiff have judgment for his costs, there is more difficulty.    In the case of *Hindsley* v. *Russell,* the Court decided, that the plaintiff was entitled to the general costs of the trial; but whether *de bonis testatoris, et si non, de bonis propriis,* or *de bonis testatoris* only, the case is silent.    The pleas here are not false pleas; such pleas are those that will be a perpetual bar to the plaintiff, and which the defendant, of his own knowledge, knows to be false; and, as was well observed by the counsel in the case of *Hindsley* v. *Russell,* the plea of *non assumpsit* did not impose upon the plaintiff any additional burden; for, on the plea of *plene administravit,* the plaintiff would be obliged to prove the amount of his debt.    This issue, then, has been found substantially for the defendant,

ALBANY,
January, 1822.

OSTERHOUT
v.
HARDEN-
BERGH.

ALBANY,
January 1822.

and he ought not to be subjected to costs out of his own pocket, when he is in no default. The plaintiff must have judgment for his debt, *quando*, &c. and costs *de bonis testatoris* only, and the defendant must have judgment for the costs of his defence against the plaintiff.