BROCKENBROUGH, J.,
delivered the opinion of the Court :
The Plaintiff brought an action of Indebi-tatus Assumpsit against the Defendant, for work and labour done by the Plaintiff, for the Defendant’s intestate. At the first Term after the office judgment, the Defendant pleaded Non Assumpsit. At the next Term thereafter, the Defendant pleaded “fully administered,” to which the Plaintiff replied generally, and issue was joined. The Cause was then continued for four Terms, and at the fifth Term, the Plaintiff withdrew his replication to the plea of “fully administered,” and admitted on the record that the Defendant had administered the assets of his *266 intestate. A jury then found the first issue for the Plaintiff.
The Court made the following- order of adjournment to this Court. “This Court being of opinion, that some modern authorities in England, in the Courts of King’s Bench and Common Pleas, have rendered the Daw doubtful on *the subject of costs, where an administrator hath pleaded the general issue, and also the plea of fully administered, in those cases where the first plea is found against him, and the second is found for him; doth for that reason adjourn to the General Court the following questions, arising from the verdict, and acknowledgment of the Plaintiff that the Defendant has fully administered: 1. Ought a judgment to be rendered against the Defendant, not only for the damages assessed by the jury, but for the Plaintiff’s costs of the action, to be levied of the goods of- the intestate, &c. quando acciderint ? 2. Or ought a judgment to be rendered for the Plaintiff for the said damages, to be levied of the intestate quando acciderint, and a judgment be rendered for the Defendant against the Plaintiff for his costs of the action ? 3. Or ought a judgment to be rendered against the Defendant for costs dé bonis intestati, si non de bonis propriis ? 4. Where an administrator has only pleaded the single plea of fully administered, which is found for him, ought he to recover a judgment against the Plaintiff for his costs of the action ?’’
This Court has examined, and maturely considered, all of the authorities in the English Courts, (a) which are accessible to them, (some of which seem to be discordant with others,) and also a late Case decided in the State of New York, [19 Johns. 266,] and have come to the following conclusion:
When an administrator pleads the single plea of fully administered, on which the Plaintiff takes issue, and the issue is found for the Defendant, the verdict is conclusive proof that the Defendant has not present assets: but as the plea is an acknowledgment that the intestate is indebted to the Plaintiff, and the verdict is not conclusive that the Defendant may not have future assets, the judgment ought to be rendered for the Plaintiff for his debt, and costs, to be levied of the goods of the intestate, quando acciderint; but as the Defendant has supported his issue, and to maintain the only plea which he pleaded, has been subjected to costs, he ought to have a judgment for the general costs of his defence against the Plaintiff.
*When the Defendant pleads' Non Assumpsit, and fully administered, and issue is taken on both, and both tried; and the first -issue is fqund for the Plaintiff, and the second for the Defendant, the judgment ought to be for the Plaintiff, as in the former case, because as he is obliged to come into Court to establish a debt due to his intestate, he ought to recover not only his debt, but his costs also, out of the future assets ; but as the Defendant has supported his second plea, he ought to have a judgment for the costs which he has expended in supporting that issue, that is, for his separate costs of that issue.
If the Defendant pleads both pleas, and the Plaintiff declines to reply to the plea of fully administered, admitting the truth of it; or if he replies to the plea, and afterwards withdraws it, without having subjected the Defendant to any costs in support of his said plea, by which withdrawal he also admits that the Defendant has fully administered, in such case the- Plaintiff is entitled to his judgment for debt and costs quando accider-int, and the Defendant is not entitled to any judgment for his costs.
In the present case, the Plaintiff having first replied to the plea of fully administered, but having subsequently withdrawn that replication, and admitted that the Defendant had fully administered, whereby it became unnecessary to try the issue, the Defendant is not entitled to a judgment for his costs. It is true, that in this case, a considerable time elapsed between the period of the Plaintiff’s replying to that plea, and his withdrawing it, but it does not appear that the Defendant was thereby subjected to any costs.
If that delay did occasion him any costs, he ought, when the Plaintiff applied to the Court for leave to withdraw his replication, to have objected to it, unless upon the terms of his paying the costs occasioned by that replication having been filed. That was the fit and proper time for such application. His neglect to apply for his costs in due time, must be construed as an admission that he was not entitled to recover any.
Upon the whole matter, the Court is of opinion, that the following be rendered as a judgment of this Court:
“This Court is of opinion, and doth decide, in answer to the questions propounded by the Superior Court: 1. That a judgment ought to be rendered against the Defendant, not *only for the damages found by the jury, but for the Plaintiff’s costs of the action, to be levied of the goods of the intestate, &c. quando acciderint. 2. That in this case, a judgment ought not to be rendered for the Defendant against the Plaintiff, for his costs of the action. 3. That the third question need not be answex-ed. 4. That when an administrator pleads the single plea of fully administered, which is found for him, although the Plaintiff ought to have a judgment for his debt and costs, quando acciderint, yet that the Defendant should recover a judgment.against the Plaintiff for his general cost of the action: and, moreover, that when an administrator pleads Non Assumpsit, and fully administered, both of which being tried, the first is found for the Plaintiff, and the second for the Defendant, judgment ought in like manner *267 to be rendered for the Plaintiff, for his debt and costs, quando, and for the Defendant against the Plaintiff, for his separate costs of the second issue:” which is ordered to be certified, &c.

 Dearne v. Grimp & al. ex’ors, 2 Wm. Blackstone, 1275; Hindsley v. Russell, ex'or, 12 East 232; Hogg v. Graham, 4 Taunt. 135; De Tastet v. Andrade, adm’r, Chitty’s Reports, 629, Note A.; Edwards v. Bethel, ex’x of Bethel, 1 Barn. & Alderson, 254.