GEORGE WHITE, Judge of Probate, *vs.* EMILY J. WEATHERBEE, executrix.

Norfolk.    Jan. 22. — March 17, 1879.    AMES & SOULE, JJ., absent.

After a decree of distribution of an intestate estate in the Probate Court, ordering A., the administrator, to pay a certain amount to B. as administrator of C, and his neglect to obey the order, a surety on A.'s bond, in an action against him thereon for the benefit of B. on account of such neglect, will not be allowed to show that B. was not duly appointed administrator of C.

Under the Gen. Sts. *c.* 101, § 21, the administrator of the next of kin may bring an action on a probate bond without obtaining leave of the Probate Court.

CONTRACT, brought for the benefit of John Nihen, administrator of the estate of William Nihen, against the executrix of the will of Comfort Weatherbee, upon a probate bond executed to the plaintiff by George M. Cook as principal, and William Jordan and Comfort Weatherbee as sureties, and conditioned for the faithful performance of the duties of Cook as administrator of the estate of Joanna Nihen. Among the conditions was one providing that the principal obligor shall "pay any balance remaining in his hands, upon the settlement of his accounts, to such person as said court shall direct." Writ dated December 29, 1876.

At the trial in this court, before *Gray*, C. J., without a jury, it appeared that Cook and Jordan resided in the county of Suffolk, and this defendant in the county of Norfolk; that Joanna Nihen died intestate, leaving as her next of kin her father, William Nihen, residing in Ireland; that William Nihen, on June 28, 1873, died in Ireland, leaving no assets in this Commonwealth, except his interest in the estate of Joanna; that John Nihen, his eldest son, was appointed in due form, by the Probate Court for the county of Suffolk, administrator of his estate; that by a decree of distribution of the estate of Joanna Nihen, passed by the Probate Court for the county of Norfolk on January 28, 1874, and affirmed by this court on October 24, 1876, a balance of $886.67 was ordered to be paid forthwith to John Nihen as administrator of William Nihen; that he duly demanded this sum of the defendant, and also of Cook, before bringing this action to recover the same; that a similar action was brought at the

same time, upon the same bond, against Cook and Jordan, in which the plaintiff has since recovered judgment upon default. It also appeared by the records of the Probate Court in Norfolk, that, before bringing this action, John Nihen, as administrator of William Nihen, applied to that court for leave to sue this bond, and such leave was granted; and that the decree granting such leave was made orally on September 6, 1876, and was not reduced to writing until February 18, 1878.

The defendant contended that, upon these facts, this action could not be maintained: 1st. Because the Probate Court for the county of Suffolk had no jurisdiction to grant administration on the estate of William Nihen. 2d. Because the order giving leave to sue the bond was not made in writing before the action was brought. But it was ruled that neither of these objections was sufficient to defeat this action; and, at the defendant's request, the questions thereby presented were reserved for the determination of the full court; judgment to be rendered for the plaintiff for the sum of $911, with interest from February 23, 1878, or for the defendant, as the court should order.

*J. R. Bullard*, for the defendant.

*J. R. Churchill*, for the plaintiff.

MORTON, J. The question whether John Nihen was legally appointed administrator of William Nihen is not open to the defendant in this suit.

One of the conditions of the bond in suit is that the principal obligor shall "pay any balance remaining in his hands, upon the settlement of his accounts, to such persons as said court shall direct." It appeared at the trial that the Probate Court passed a decree of distribution of the estate of Joanna Nihen, which, upon appeal, was affirmed by this court, by which a balance of $886.67 was ordered to be paid forthwith to John Nihen as administrator of William Nihen. This was an adjudication in a proceeding in which Cook, the principal obligor in the bond in suit, was a party, which determined not only the amount to be paid, but the person to whom it was to be paid. It necessarily involved the question whether John Nihen was the lawful administrator of William Nihen, who, at the death of Joanna Nihen the intestate, was the next of kin. After this decree was

passed, it was the duty of Cook, the administrator of Joanna Nihen, to pay the amount named to the person named therein. He could not resist this payment upon the ground that the decree appointing John Nihen administrator of William Nihen was void. As to him this question was *res adjudicata*.

This being so, it is also clear that his sureties cannot raise the question. The obligation which they have assumed is that their principal shall pay any balance in his hands to such persons as the Probate Court shall direct. His failure to make payment according to the decree of the Probate Court is a breach of the administration bond. Such decree is conclusive upon the sureties, and they cannot impeach it collaterally. *Heard* v. *Lodge*, 20 Pick. 53. *Way* v. *Lewis*, 115 Mass. 26. *Cutter* v. *Evans*, 115 Mass. 27.

The other objection of the defendant is, that the action cannot be maintained "because the order giving leave to sue the bond was not made in writing before the action was brought." A conclusive answer to this objection is, that the plaintiff was entitled to bring this suit without obtaining authority from the Probate Court.

The statutes provide for three cases in which suit may be brought upon a probate bond without obtaining leave of the Probate Court: 1st. by a creditor who has recovered judgment against a solvent estate; 2d. by a creditor of an insolvent estate who has obtained a decree of distribution in his favor; and 3d. by "a person who is next of kin to recover his share of the personal estate after a decree of the Probate Court ascertaining the amount due to him." In each of these cases, the claim of the plaintiff is liquidated and ascertained by matter of record amounting to a conclusive judgment between the parties; and nothing remains but payment. It was the intention of the statutes to give any party thus situated the right to sue upon the bond, without obtaining leave of the Probate Court, and to have an award of execution in his favor for the amount due him. Gen. Sts. *c*. 101, §§ 19–29. *Newcomb* v. *Williams*, 9 Met. 525.

If a creditor or a person next of kin dies, his executor or administrator is by law substituted in his place, and succeeds to his rights to maintain an action under the statutes we have

cited. To hold otherwise would defeat the spirit of the statute by a too strict adherence to its letter.

We are therefore of opinion, that it was rightly ruled that neither of the objections taken by the defendant was sufficient to defeat the action. *Judgment for the plaintiff.*