## John W. Keith vs. Robert G. Molineux.

Suffolk.    November 14, 1893. — February 27, 1894.

Present: Field, C. J., Allen, Holmes, Morton, & Barker, JJ.

*Administrator — Sale of Mortgaged Estate — Application of Proceeds of Sale.*

In an action against an administrator for a debt admitted to have been due from his intestate, it appeared that the only assets of the estate consisted of an interest in land subject to a mortgage; that the administrator sold the land for just about the amount of the debt and interest; that neither in the advertisement of the sale, the purchaser's agreement, nor in the deed itself was the mortgage mentioned; that after the sale the mortgage was assigned to the purchaser by the administrator, who owned it individually, seemingly as a part of the purchase. *Held*, that these facts warranted a finding that the land was sold free of mortgage, and that, as the proceeds of the sale, which were exhausted by the payment of the mortgage debt and interest and certain preferred claims, were properly applied, the plaintiff was not entitled to recover. *Held, also*, that although the debt was admitted, it was proper to enter judgment for the defendant, but *semble* the record should disclose the ground.

Contract, for services as an attorney at law rendered to the defendant's intestate. Answer: 1. A general denial. 2. That the whole of the effects of the defendant's estate which have come into his hands have been exhausted in the payment of the charges of administration and of debts and claims entitled to a preference. 3. That the plaintiff is not a preferred creditor.

The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows.

The defendant is the administrator of the estate of Ella L. M. Starr, who died on October 8, 1889, leaving property consisting of an undivided fourth part of a tract of land in Roxbury, subject to a life interest of Robert W. Molineux, father of the intestate, and subject to a mortgage for $600 and interest, given on October 11, 1884, to one Amy R. Newell.

On January 6, 1890, the defendant petitioned the Probate Court for license to sell the land of his intestate for the payment of debts, and on January 21, 1890, after due notice and

advertisement, and acting under a license duly obtained, he sold the land to the life tenant for the sum of eight hundred dollars, and on the same day delivered to the purchaser a deed thereof. At the same time, the mortgage and the note secured thereby — which, three days before, on payment by the defendant of the sum of $789.90, being the amount of the mortgage and accrued interest, out of his individual estate, had been assigned by Amy R. Newell to Anna W. Molineux — were assigned by the last named to the purchaser of the land, at his request, for the protection of the title. Neither the advertisement of the sale, the purchaser's agreement, nor the deed from the defendant to the purchaser, made any mention of the mortgage.

From the proceeds of the sale of the land the defendant retained, in reimbursement of the money which he had expended out of his individual estate in procuring an assignment of the mortgage, the sum of seven hunded and eighty-six dollars. The balance was exhausted by the payment of the funeral expenses, and the charges of administration.

On October 13, 1890, the defendant's first and final account as administrator was presented, and allowed by the Probate Court. In it he charged himself with the receipt of the eight hundred dollars received from the sale of the land, and credited himself with the payment of the mortgage note and interest, amounting to seven hundred and eighty-six dollars, and with the payment of claims entitled to a preference to an amount exceeding the balance of the sum so received.

The claim of the plaintiff, and the reasonableness of his charges, were admitted by the defendant.

*E. M. Johnson,* for the plaintiff.

*G. D. Burrage,* for the defendant.

HOLMES, J. The question intended to be presented is whether the defendant has in his hands any assets applicable to the payment of a debt admitted to have been due to the plaintiff from the defendant's intestate. The only property was an interest in real estate subject to a mortgage. This was sold by the defendant for eight hundred dollars, that being just about the amount of the mortgage and interest. The question more specifically is, whether the eight hundred dollars are to be applied to the mortgage in the first place. The plaintiff, going on the fact that the

defendant, as administrator, only had authority to sell the intestate's interest, assumes that the proceeds of the sale were received for the equity of redemption; and if this is so, the rest of his argument is plain sailing. But there was nothing to prevent the defendant from selling the land free of the mortgage, if he could arrange to do so. In fact, at the time of the sale the defendant had bought and owned the mortgage. Whether properly or not, the advertisement makes no mention of the mortgage, the purchaser's agreement and the deed to him made no mention of it, and after the sale the mortgage was assigned to the purchaser, seemingly as part of that for which he had paid his eight hundred dollars. The account evidently was not intended to express a different transaction, although it puts in the whole eight hundred dollars on one side, and the mortgage debt on the other. Putting it at the lowest, if the agreed statement was intended to authorize the Superior Court to draw inferences of fact, the court was well warranted in inferring that the eight hundred dollars was paid for the land free of the mortgage. If no power to draw inferences was intended to be given, the plaintiff cannot get paid unless the contrary appears as matter of law. Of course, if the land was sold free of encumbrances by arrangement with the holder of the mortgage, only what was left after paying the mortgage would belong to the estate.

Although the case comes before us upon an agreed statement, and although the plea of *plene administravit* is not used in Massachusetts, (6 Dane's Abr. 144, *Cushing* v. *Field*, 9 Met. 180, 181,) substantially the defendant is in the position of one who prevails upon such a plea, since the few dollars of assets appear by the account to have been exhausted in paying preferred claims. Pub. Sts. c. 136, § 5. If, as we are inclined to take it, the statement was intended to give the Superior Court power to draw inferences of fact, the defendant prevails upon an issue of fact. Therefore he would be entitled to judgment, according to the modern English law. Wms. Ex. (7th ed.) 1979, 1980. 2 Wms. Saund. 217, note 1. 1 Rolle's Abr. Executors, 929 (B), pl. 2. See Y. B. 33 Hen. VI. 23, 24, pl. 1 ; 34 Hen. VI. 24, pl. 42.

Some American cases have given the plaintiff judgment of assets *quando acciderint.* *Osterhout* v. *Hardenbergh,* 19 Johns. 266. *Nimmo* v. *Commonwealth,* 1 Hen. & M. 470. *Burnes* v.

*Burton*, 1 A. K. Marsh. 349. And although that form of judg-
ment has not been used in this State, (*Cushing* v. *Field*, 9 Met.
180, 182,) yet as a judgment *de bonis testatoris* against an
administrator here does not establish conclusively that he has
assets in his hands sufficient to ·pay it, it might be possible to
enter such a judgment for the plaintiff. *Fuller* v. *Connelly*, 142
Mass. 227.

On the other hand, it was assumed in the Year Books cited
that a judgment for the defendant on *plene administravit* is no
bar in case of new assets coming to his hands, and if not, there
is no objection to entering judgment for the defendant. Clearly
it ought not to be a bar in such case, since the plea admits the
debt. , *Shipley's case*, 8 Co. Rep. 134. The plea is "not a per-
petual bar; for if it had been so found as was pleaded, yet
assets coming after to the hand of the executor, the plaintiff
should then have relief and satisfaction out of these since
accrued assets." Wentw. Ex. (Am. ed. 1832) 344, 345. See
also Markham and Prisot, JJ., in Y. B. 34 Hen. VI. 24. So
after entry of judgment for so much as was found to be in
the executor's hands, as was formerly the practice in the Eng-
lish Court of Common Pleas, (*Hargthorpe* v. *Milforth*, Cro.
Eliz. 318, 2 Wms. Ex. (7th ed.) 1976,) it cannot be doubted
that the residue of the debt could be recovered if new assets
should come into his hands. In Townesend, Second Book of
Judgments, 68, pl. 29, it is said that .the plaintiff could have
*scire facias* on such a judgment upon assets *in futuro*. Acc.
Fortescue, C. J. and Prisot, J., in Y. B. 34 Hen. VI. 24.

In addition to these general considerations, it is to be noticed
that the language of the statute allowing the settlement of an
account showing that the estate has been exhausted in paying
preferred claims to be pleaded is, " such settlement shall be a
sufficient bar to any action " by a common creditor ; Pub. Sts.
c. 136, § 5 ; and that the record in the case of *Parcher* v. *Bus-
sell*, 11 Cush. 107, shows that judgment was entered in this
court for the defendant on *plene administravit*. In view of '
these facts, and as we are of opinion that, if new assets should
come to the defendant's hands, the plaintiff could recover his
debt under Pub. Sts. c. 136, § 11, notwithstanding the present
judgment, we are of opinion that the proper form will be to

enter judgment for the defendant on the agreed statement. If there were no agreed statement, it would be proper that the judgment should show the ground it goes on, and that the plaintiff prevails upon the general denial in the answer.

*Judgment for the defendant.*