NELLIE E. FITCH *vs.* CHARLES L. RANDALL & another, executors.

Suffolk.    March 15, 1895. — April 2, 1895.

Present: FIELD, C. J., ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Contract to recover a Legacy — Answer — Instructions — Prima facie Case — Evidence as to Papers in the Probate Records.*

In an action against the executor of a will to recover a legacy, an answer to the effect that administration was not completed, and that the condition of the estate would not permit the payment of the legacy, is informal, and contains no defence.

In an action against the executor of a will to recover a small legacy, proof by the plaintiff of the filing of an inventory by the defendant, showing assets of many thousand dollars, makes a *prima facie* case, without further proof that the debts were all paid and that assets remained in the hands of the executor.

In an action against the executor of a will to recover a legacy, even if the facts sought to be introduced by asking the register of probate to state the contents of certain papers which are among the probate records are competent in themselves, the proper mode of proving them is by putting in certified copies of the papers or records, or the papers or records themselves.

CONTRACT, against the executors of the will of Henry Randall, to recover a legacy. Writ dated July 11, 1893. The declaration alleged that the will was duly proved and allowed on November 23, 1891, and that on December 14, 1891, the executors gave bonds, which were approved by the Probate Court, and that the plaintiff had duly demanded payment of the legacy from the executors, who had neglected to pay the same. Answer: 1. A general denial.    2. That administration was not completed, and that the present condition of the estate would not permit the payment of the legacy.    Trial in the Superior Court, before *Bond*, J., who directed the jury to return a verdict for the plaintiff for the amount of the legacy, with interest; and the defendants alleged exceptions.

*G. C. Bent*, for the defendants.

*J. M. B. Churchill*, for the plaintiff.

ALLEN, J.    By Pub. Sts. c. 136, § 19, every legatee may recover his legacy in an action at common law. Unless otherwise provided in the will, legacies are payable in one year from the death of the testator. *Brooks* v. *Lynde*, 7 Allen, 64.    *Rotch* v.

*Emerson*, 105 Mass. 431.   *Kent* v. *Dunham*, 106 Mass. 586.   But when an executor or administrator is required to make payment within two years after having given bond, the Probate Court may require security for refunding the amount if necessary. Pub. Sts. c. 136, § 20.   Formerly, when the plea of *plene administravit* was in use, the plaintiff could give in evidence the inventory, in order to prove assets; and then it was for the defendant to discharge himself of the items.   Wms. Ex. (4th Am. ed.) 1781.   2 Greenl. Ev. §§ 347, 348.   Taylor, Ev. § 860. Whart. Ev. § 1121.   And now, when an answer is filed containing in substance the old plea, the rule is the same.   *Cushing* v. *Field*, 9 Met. 180.   *Fuller* v. *Connelly*, 142 Mass. 227.   *Browne* v. *Doolittle*, 151 Mass. 595, 597.   In the present case, the amended answer was informal, and contained no defence.   But the ruling of the court did not rest on the defective pleading.   It was in substance that the proof by the plaintiff of the filing of an inventory by the defendants, showing assets to the amount of over $36,000, made a *prima facie* case, without further proof that the debts were all paid and that assets remained in the hands of the executors.   This ruling was right.   The legacy was for only $250.   It was incumbent on the defendants to clear themselves if they could.

The defendants sought to ask the register of probate to state the contents of several papers which were among the probate records.   This was irregular.   Even if the facts sought to be introduced were competent in themselves, the proper mode of proving them was by putting in certified copies of the papers or records, or the papers or records themselves, if they can be had; not by asking the register to state their contents.   This was explained to counsel, as the ground of the exclusion, and he was informed that he might show by copies or original papers whatever he wished.

Moreover, all that the defendants offered to show, even in this irregular mode, fell short of showing that they had made any final accounting, or were without assets to meet the plaintiff's claim.*                    *Exceptions overruled.*

---

* The questions related to the amount of the personal property in the inventory of the special administrator and in the executors' accounts, the widow's allowance, and petitions for the sale of real estate for the payment

---

of debts. The judge said, " You understand that you are not precluded from showing, by copies or original papers, whatever you wish," and the counsel replied, " I understand that."