John W. McKim, Judge of Probate, *vs.* Jeremiah Haley
& others.

Suffolk.    January 17, 1899. — March 4, 1899.

Present: Field, C. J., Knowlton, Morton, Lathrop, & Hammond, JJ.

*Probate Bond — Action — Defence of Insufficiency of Assets — Judgment —*
*Principal and Surety — Administrator's Account — Costs — Execution.*

To entitle an administrator to defend an action on his probate bond upon the
ground of insufficiency of assets, there must be an inventory filed and a settle-
ment of his account in the Probate Court.

If the defence set up by the surety in an action upon an administrator's bond, that
the assets of the estate had been exhausted in the payment of charges and pre-
ferred claims, was pleaded and relied upon in an action against the adminis-
trator by the person for whose benefit the action on the bond is brought, the
judgment there obtained is conclusive upon the surety; and, there having been
no settlement of the administrator's account, although one has been filed, it is
not open to the surety to contend that the answer of the administrator in the
original action was not a proper defence.

In an action upon an administrator's bond for the benefit of a creditor of the estate
by whom a judgment has been recovered against the administrator, who has not
settled his account, the defendant surety is not entitled to a ruling that, " if the
plaintiff's original claim was a preferred claim against the estate, the plaintiff
could only recover the *pro rata* amount which the claim bore to the total
amount of preferred claims, including the charges of administration, in the as-
sets of the estate."

The costs in an action against an administrator by a creditor of the estate, who has
recovered a judgment therein, are properly included in the amount for which
execution should issue in an action upon the administrator's bond for the benefit
of such creditor.

Contract, upon a probate bond executed by the first named
defendant as principal, and by the other defendants, Margaret
Looney and Jeremiah Kelleher, as sureties.    The answers
alleged that the assets of the estate had been exhausted in
the payment of charges of administration and preferred claims.
The case was tried in the Superior Court, without a jury, before
*Wardwell,* J., and, he having resigned, a bill of exceptions was
allowed by *Richardson,* J., in substance as follows.

The evidence tended to show that, on February 14, 1895, the
defendant Haley was duly appointed administrator of the estate
of Norah E. Walsh, and gave the bond in suit; that Margaret
H. Newman, for whose benefit the present action was brought,

recovered judgment, on August 2, 1897, in an action against the defendant Haley as administrator, for the sum of $58.43, damages and costs taxed at $34.44 ; that two executions issued on the judgment, one against Haley as administrator for the damages, and one against him personally for the costs ; and that demand of payment had been made thereon previously to the bringing of the present action.

There was a trial of this former action in the Superior Court, with a jury, in June, 1897. The defendant Haley appeared and contested the action, relying upon the defence pleaded in his answer, that the assets of the estate which had come to his hands had been exhausted in the payment of charges and preferred claims.

The defendant Kelleher offered to show that prior to the bringing of the original action the administrator had exhausted all the assets of the estate in the payment of preferred claims and charges of administration ; that the entire assets of the estate had been $185 ; and that on February 4, 1897, the administrator filed in the Probate Court an account, showing the payments so made by him. This account was never passed on or allowed. The judge excluded this evidence ; and the defendant Kelleher excepted.

The defendant Haley as administrator never filed any inventory of the estate of the deceased in the Probate Court.

The defendant Kelleher asked the judge to rule that, if the plaintiff's original claim was a preferred claim against the estate, the plaintiff could only recover the *pro rata* amount which the claim bore to the total amount of preferred claims, including the charges of administration, in the assets of the estate. The judge refused so to rule ; and the defendant excepted.

The judge ruled that it was not open to the defendant to show how the assets of the estate were expended by the administrator ; and that the plaintiff was entitled to judgment for $92.87, with interest thereon from August 2, 1897 ; to which rulings the defendant Kelleher excepted.

The defendant Kelleher also asked the judge to rule that the sureties were not liable for the costs in the original action against Haley, but the judge declined so to rule ; and the defendant excepted.

The judge found for the plaintiff, and ordered judgment to be entered for the penal sum of the bond, and execution to issue for $92.87, with interest from August 2, 1897; and the defendant Kelleher alleged exceptions.

*W. J. Coughlan,* for the defendant Kelleher.

*J. M. B. Churchill,* for the plaintiff.

LATHROP, J.    The general rule is that, to entitle an administrator to defend upon the ground of insufficiency of assets, there must be an inventory filed and a settlement of his account in the Probate Court.    Pub. Sts. c. 136, § 5. *Cushing* v. *Field,* 9 Met. 180.    *Forbes* v. *McHugh,* 152 Mass. 412.

The principal defence which the surety sets up in this case was pleaded and relied upon in the original action against the administrator, and the judgment there obtained is conclusive upon the surety. *Heard* v. *Lodge,* 20 Pick. 53, 58. *White* v. *Weatherbee,* 126 Mass. 450. *McKim* v. *Glover,* 167 Mass. 280, 283.

The defendant contends that the answer of the administrator in the original action was not a proper defence.    But while the plea of *plene administravit* is no longer in use in this Commonwealth, the facts necessary to show that the estate has been fully administered may be set up in the answer. *Keith* v. *Molineux,* 160 Mass. 499. *Fitch* v. *Randall,* 163 Mass. 381.

There are some exceptions to the rule that the sureties are bound by a judgment recovered against the administrator.    Thus, if the administrator fails to plead the statute of limitations in the original action, the sureties in an action on the bond are not bound by the judgment. *Dawes* v. *Shed,* 15 Mass. 6.    See also *Thayer* v. *Hollis,* 3 Met. 369.    So if the administrator pleads the statute of limitations, and afterwards allows himself to be defaulted. *Robinson* v. *Hodge,* 117 Mass. 222.    In *Heard* v. *Lodge,* 20 Pick. 53, 58, it is said by Mr. Justice Dewey, " The sureties are not to be concluded by a judgment suffered collusively by the administrator."

The case of *Fuller* v. *Connelly,* 142 Mass. 227, on which the defendant principally relies, was submitted to the court, as appears by the original papers, on the pleadings and agreed facts. The action was brought against the principal and sureties upon an administration bond for the benefit of judgment creditors. The agreed facts stated : " All the property left by the intestate

has been expended by the administratrix in payment of the necessary expenses of funeral, last sickness, and administration. The administratrix may have the same legal benefit of these payments, if any, as if allowed by the Probate Court on an account duly filed by her since the date of the plaintiffs' suit. In the original suit the administratrix was defaulted, though properly notified of the same. The sureties had no knowledge of the original suit until after judgment." The decision in favor of the defendants was put upon the ground that the case must be treated as if the administratrix had duly settled an account in the Probate Court since this suit was begun, showing that she had applied all the assets of the estate to the payment of charges of administration, funeral expenses, and preferred claims.

In the case at bar there has been no settlement of an account. The fact that an account has since been filed makes no difference. See *Johnson* v. *Williams*, 152 Mass. 414. We see nothing in the facts to take the case out of the general rule.

The ruling requested that, if the plaintiff's original claim was a preferred claim against the estate, the plaintiff could recover only the *pro rata* amount which the claim bore to the total amount of preferred claims, including the charges of administration in the assets of said estate, was properly refused. The administrator not having settled his account in the Probate Court, and judgment having been recovered against him, both he and his sureties were liable for the amount of the judgment in a suit upon the bond. The Superior Court, in an action on the bond, could not go into the question of the account. The Pub. Sts. c. 143, § 20, provide as follows: " When it appears that the condition of the bond of an executor or administrator has been broken, the court upon a hearing in equity shall award execution in the name of the plaintiff as follows: First, if the action is brought for the benefit of a creditor, execution shall be awarded for the use of the creditor for the amount due to him upon the judgment that he has recovered." The provision of the Pub. Sts. c. 137, § 1, cl. 4, in regard to insolvent estates of deceased persons, refers to the order of payment in the Probate Court, and has no application to a case like the present.

We are also of opinion that the costs in the original action were properly included in the amount for which execution should issue. We have just cited the provision of the Pub. Sts. c. 143, § 20, to the effect that the creditor is entitled to execution for the amount due to him upon the judgment he has recovered. The judgment recovered in the original action was for the sum of $58.43 damages, and costs taxed at $34.44. The costs were as much a part of the judgment as the damages. The fact that two executions were issued, in accordance with the Pub. Sts. c. 166, § 8, one against Haley as administrator, for the damages, and the other against him personally for the costs, does not affect the amount of the judgment, which, by the express terms of the statute, the plaintiff is entitled to recover in this action. So, also, the fact that, if the administrator had paid the execution for costs, he might have, under the Pub. Sts. c. 144, § 10, been allowed therefor in his administration account, unless it appeared to the Probate Court that the suit was begun or prosecuted unnecessarily, or without reasonable cause, makes no difference. The language of this section would seem to be limited to the case of an action brought by an executor or administrator, in which judgment for costs is recovered against him, although it seems to have been assumed in *Thacher* v. *Dunham*, 5 Gray, 26, that the similar provision in the Rev. Sts. c. 67, § 11, applied also to an action brought against an administrator. The point decided was that payment of the costs was a condition precedent to their allowance. See *Greenwood* v. *McGilvray*, 120 Mass. 516, 522.

*Exceptions overruled.*