CHARLES J. McINTIRE, Judge of Probate, vs. MAMIE
E. PARKER.

Middlesex.　January 8, 1907. — April 2, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Executor and Administrator.　Bond.　Insolvency.*

In an action under R. L. c. 149, § 20, on an executor's bond for the benefit of a
creditor of the testator to recover the amount of a judgment obtained by the
creditor against the defendant as executor, if it appears that the defendant
never filed an inventory or rendered an account, and never represented the
estate insolvent, it is no defence to the action that the testator left no estate
and that no assets ever came into the hands of the defendant as executor, and
the defendant's failure to pay the creditor's judgment against him is a breach
of his bond.

In suits by creditors of a deceased person against the executor of his will or the
administrator of his estate, the estate must be treated as solvent until its
insolvency has been declared by a decree of the Probate Court.

CONTRACT under R. L. c. 149, § 20, on a bond, without sure-
ties, given by the defendant as the executrix of the will of her
late husband, Isaac W. Parker of Natick, for the benefit of one
Charles P. Hanscomb of Natick who had recovered a judgment
against the defendant as such executrix in the sum of $230.78,
which it was alleged that the defendant had refused and neg-
lected to satisfy.

The answer of the defendant, besides a general denial, alleged
that Isaac W. Parker died leaving no estate of any kind upon
which to administer; that no estate of the decedent ever had
come into her hands or possession, that she knew of none that
could be collected or received by her as executrix, and that she
was possessed of no estate of the testator wherewith to satisfy
the plaintiff's claim; and denied that there had been any breach
of her bond.

At the trial in the Superior Court before *Bishop*, J., without
a jury, it appeared that the judgment in favor of Hanscomb had
been obtained and remained unsatisfied as alleged in the declara-
tion.　The defendant testified, and her evidence was uncon-
tradicted, that Isaac W. Parker, the testator, at his decease was

possessed of no property or estate, and that no property of the said Isaac since had come to her knowledge or possession. The judge ruled that this evidence constituted no defence to the action. He found that there had been a breach of the condition of the bond, and ordered that judgment be entered for the plaintiff in the penal sum of $1,000 and that execution issue against the defendant for the sum of $276.27. The defendant alleged exceptions.

*T. Hillis*, for the defendant.

*W. B. Sprout & W. R. Bigelow*, for the plaintiff.

BRALEY, J. The defendant, having failed to file an inventory, or render an account, permitted the creditor to obtain a judgment, which after demand remained unsatisfied. Under R. L. c. 149, § 20, her probate bond, given without sureties, has been put in suit for his benefit, and in defence it is said that the deceased left no estate, and neither at the time of appointment, nor since, have any assets come into the defendant's possession. By the conditions of the bond she undertook to pay, if demanded, and the estate was solvent, all debts, judgment for which had been rendered against her as executrix. Until its insolvency had been ascertained, and declared by a decree, the estate must be presumed and treated as solvent in suits by creditors, and the entire failure in fact of assets to satisfy the judgment is immaterial. *Heard* v. *Lodge*, 20 Pick. 53, 58. *Newcomb* v. *Goss*, 1 Met. 333. *McKim* v. *Glover*, 167 Mass. 280, 283. *McKim* v. *Haley*, 173 Mass. 112, 114. *McKim* v. *Roosa*, 183 Mass. 510. The defendant relies upon the case of *Keith* v. *Molineux*, 160 Mass. 499, as an authority sustaining her position. It there was held that the administrator having exhausted the assets in the payment of debts entitled to a preference, and his final account having been allowed by the Probate Court, the suit brought by the plaintiff, who was a common creditor of the deceased, could not be maintained. R. L. c. 141, § 5. But in the present case there has been no administration of the estate, and instead of a compliance with the provisions of R. L. c. 142, §§ 1, 2, by representing the estate of her testator as insufficient to pay all his debts, after full knowledge of its insolvent condition, she chose to remain inactive, and suffered judgment to be obtained. A failure to pay the judgment, therefore, was an

unjustifiable breach of the bond, and the judge correctly ruled that the plaintiff was entitled to judgment for the penal sum. *McKim* v. *Haley, ubi supra.*

*Exceptions overruled.*