ROBERT GRANT, Judge of Probate, *vs.* CATHERINE C. CROWLEY, administratrix, & others.

Suffolk.    March 6, 1914. — May 21, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Executor and Administrator.    Bond,* Of executor or administrator.

St. 1907, c. 549, limiting the time within which real estate of a deceased person conveyed for value and in good faith can. be taken and sold for payment of his debts, has no application to an action against an administrator and his sureties on his official bond and affords no defense to such an action.

It is no defense to an action by a judgment creditor on the official bond of an administrator, that no personal property of the intestate came to the hands of the administrator and that the only real estate of the intestate has been sold : by his heirs to a *bona fide* purchaser for value; and, if the administrator has failed to petition the Probate Court for a license to sell the real estate of the intestate for the payment of debts within two years from the time of giving bond, and also has failed to represent the estate insolvent, and has not been discharged by a decree of the Probate Court allowing his account, he is liable on his bond to a judgment creditor whose demand against the intestate he has failed to satisfy, irrespective of any hardship that his failure to comply with the provisions of R. L. c. 142, relating to insolvent estates of deceased persons, has brought upon him.

CROSBY, J. The defendant administratrix is apparently misdescribed as to the initial of her middle name in the title of the case as printed in the report and in the fourth line of the text of the report on page 1. Reference to the printed copy of the bond would indicate that her name is Catherine C. Crowley.*

The record shows that one John H.. Murray, a· creditor of the estate of James T. Crowley, recovered a judgment against the administratrix and an execution issued thereon; and, the admin-

---

* In the title of the case as printed above the name is in its correct form.

istratrix having neglected upon demand made by the creditor to pay the amount of the judgment or to show sufficient goods or estate of the deceased to be taken on execution for that purpose, this action was brought upon the bond of the administratrix under R. L. c. 149, § 20.

The defendant Crowley was appointed administratrix on March 18, 1909, and within three months thereafter filed an inventory describing real estate of the value of $800, but from which it appears that there was no personal estate. She filed an affidavit of notice of her appointment on June 24, 1909. On November 21, 1912, she filed her first and final account, setting forth that she had not received any personal property, had not paid out anything, and had no personal property in her possession. This account has not been allowed. No representation has been made of the insolvency of the estate. The original action was brought on September 13, 1910, about eighteen months after the appointment of the defendant as administratrix, and judgment was entered for the plaintiff on February 9, 1912. The judge of the Superior Court * has found that the administratrix at no time has had "in her possession any funds, assets or property whatsoever belonging to the estate." The report states that no notice, such as is provided for in St. 1907, c. 549, ever was filed.

It is contended by the defendants that the real estate described in the inventory has been conveyed by deed of the heirs to a *bona fide* purchaser for value and in good faith; and that, no notice of his claim having been filed by the creditor in accordance with St. 1907, c. 549, this action cannot be maintained.

If this were a proceeding to take or sell the real estate in satisfaction of the creditor's debt and it appeared that it had been conveyed for value and in good faith by an instrument duly recorded, it is manifest that it could not be so taken or sold because of the failure of the creditor to file the notice required by the statute.

The difficulty with this contention of the defendants is that this is not a proceeding to take or sell the real estate, but is an action brought against the principal and sureties on the bond given to the judge of probate for breach of condition of the bond. The statute therefore has no application, but is intended to protect

---

* *Lawton*, J. He found for the plaintiff, and by agreement of the parties reported the case for determination by this court.

the title of a purchaser for value in good faith by limiting the time within which real estate of a deceased person may be sold for the payment of debts. See *Horton* v. *Robinson,* 212 Mass. 248, 252. It is clear that the statute affords no defense to an action brought against the administratrix for a breach of her official bond. It is a general rule that to entitle an administrator to defend upon the ground of insufficiency of assets, there must be an inventory filed and a settlement of his account in the Probate Court. *McKim* v. *Haley,* 173 Mass. 112, 114. It was the duty of the administratrix to petition the Probate Court under R. L. c. 146, for a license to sell the real estate of the deceased for the payment of debts within two years from the time of her giving bond for the performance of her trust (St. 1907 c. 549); and if the administratrix found that the proceeds of the real estate would be insufficient to pay the debts, it was her duty to represent the estate insolvent. As stated in *McKim* v. *Haley,* *supra,* "But while the plea of *plene administravit* is no longer in use in this Commonwealth, the facts necessary to show that the estate has been fully administered may be set up in the answer." Since the bringing of this action the filing of an account which has not been allowed by the Probate Court affords no defense thereto. *McKim* v. *Haley, supra.*

The administratrix contends that she never has received any assets belonging to the estate and therefore ought not to be held liable on her bond. Her remedy was to have represented the estate insolvent, and, if afterwards an adjudication of insolvency was made by the Probate Court and an order of distribution made thereunder, the defense of *plene administravit* would have been a bar to claims of creditors. As no such representation was made, the failure of the administratrix to pay the judgment constitutes a breach of the bond for which she was liable to the plaintiff. As was said by this court in *McIntire* v. *Parker,* 195 Mass. 155, 156, "Until its insolvency had been ascertained, and declared by a decree, the estate must be presumed and treated as solvent in suits by creditors, and the entire failure in fact of assets to satisfy the judgment is immaterial." *McKim* v. *Roosa,* 183 Mass. 510. *McKim* v. *Glover,* 167 Mass. 280. *Newcomb* v. *Goss,* 1 Met. 333. See also *Keith* v. *Molineux,* 160 Mass. 499.

If the administratrix is obliged to satisfy the amount of the

judgment and is without remedy for reimbursement it is undoubtedly a hardship on her, but it arises solely by reason of her failure to comply with the provisions of R. L. c. 142.

In accordance with the agreement stated in the report, judgment is to be entered for the plaintiff for the penal sum of the bond, namely, $2,000, and execution is to be issued for the sum of $230.65 with interest thereon from February 17, 1912.

*So ordered.*

*J. F. Creed,* (*J. J. Mansfield* with him,) for the defendants.
*C. H. Donahue,* for the plaintiff.