Gillen, J.
This is an action of contract on a judgment brought by the plaintiff J ames Clayman as Administrator of the estate of Max H. Clayman.
The case was tried on an agreed statement of facts as follows:
The plaintiff obtained judgment against Max H. Clay-man in the Municipal Court of the City of Boston on September 13, 1935, in the amount of $378.95; that there is an unpaid balance thereon of $365.45, with interest from September 13, 1935; but the said Max H. Clayman died intestate in said Boston on October 26, 1936, and James Clayman of Boston was duly appointed Administrator of the estate of said Max H. Clayman by the Suffolk Probate Court, and filed bond approved by said Court.
That the only assets which have come into the possession of the said administrator of the said estate is insurance paid under a policy of insurance issued under the War Risk Insurance Act of the United States on the life *395 of Michael dayman, a son of Max H. dayman who died in 1918 while in the military service in the World War, under which policy the said Max H. dayman was the beneficiary.
Under the said War Risk Insurance Act enacted by the Congress of the United States, Chapter 105, Sec. 402 (40 U. S. Stat. Larg.) it is provided that:
‘ ‘ The insurance shall not be assignable, and shall not be subject to the claims of the creditors of the insured, or of the beneficiary. It shall be payable only to a spouse, child, grandchild, parent, brother or sister, and also during total and permanent disability to the injured person, or to any or all of them.”
Sec. 18 of said Act as amended reads:
“No sum payable under this chapter to a veteran or his dependents, or to his estate, or to any beneficiary . . . shall be subject to attachment, levy or seizure under any legal or equitable process, or to national or state taxation and no deductions on account of any indebtedness of the veteran to the United States shall be made from the adjusted service credit or from any amounts due under this chapter.”
The Trial Judge found for the plaintiff and denied certain of the defendant’s requests for rulings of law.
What the defendant urges is that the plaintiff cannot recover on the ground that the only realized assets of the estate are proceeds of a War Risk Insurance policy.
Had there been other assets of the estate shown sufficient to satisfy the judgment, the objection of the defendant would carry no weight.
The plaintiff sued on a judgment in an action of contract.
*396 The defendant’s answer was a general denial, plea of payment and plea that the only assets of the estate are proceeds of moneys paid by the Government of the United States under the War Bisk Insurance Act and therefore not subject to claims of creditors.
While the plea of plane administravit (Hunt v. Whitney, Admr., 4 Mass. 620) is no longer in use in this Commonwealth, the facts necessary to show that the estate has been fully administered may be set up in the answer, Fitch v. Randall, 163 Mass. 381. McKim v. Haley, 173 Mass. 112, and when it is sustained by evidence the executor or administrator may obtain judgment. Keith v. Molineux, 160 Mass. 499. But the administrator or executor must first show that a settlement of his accounts has been approved by the Probate Court. McIntire v. Parker, 195 Mass. 155. McIntire v. Conlan, 223 Mass. 389. Moyer v. Bray, 227 Mass. 303.
No attempt was made to follow this procedure in the instant case.
The agreed statement of facts goes no further than to set forth that as of the date of trial the only realized asset of the estate was the insurance under the aforementioned policy.
Gen. Laws, (Ter. Ed.) Ch. 198, secs. 31, 32, 33, set forth the procedure to be followed when an action is brought against an administrator or executor where the estate is insolvent or represented as insolvent.
It does not appear that the estate was insolvent or that a suggestion of insolvency had been filed.
It is wholly consistent with the agreed facts that there may be assets not yet realized which may in the outcome show the estate solvent.
On this state of the evidence, the finding of the Trial Judge was warranted.
*397 We find no error.
It does not become necessary, therefore, to pass on the question of creditor’s rights against the proceeds of War Bisk Insurance policies.
The order is:
Beport dismissed.