EMMA RONDEAU, executrix, *vs.* EDGAR E. MILLER, executor.

Worcester. September 28, 1943. — October 29, 1943.

Present: FIELD, C.J., DONAHUE, QUA, & DOLAN, JJ.

*Executor and Administrator,* Payment of legacies.

A conclusion by a judge of probate, that assets remaining in the hands of an executor were sufficient to pay the legacies in full, which was the basis of a decree ordering full payment of one of them, was not warranted and the decree was reversed where the judge stated that he could not "find, if material, the actual market value at the present time of" securities constituting the bulk of the assets of the estate and shown in Schedule C of the executor's first account and it appeared that that account had not been adjudicated and that there had been no determination of gains and losses to be added to and credited against inventory values, although the judge found that the executor was chargeable "with at least the amount shown by the balance" of the account and that there had been an unreasonable delay in liquidation of the estate and payment of the legacy.

PETITION, filed in the Probate Court for the county of Worcester on May 4, 1942, against the executor of the will of Lucy E. Amidon, late of Worcester, who died on July 19, 1937. The executor qualified on August 17, 1937.

In this court the case was submitted on briefs.

*M. S. June,* for the respondent.

*S. Seder, S. A. Seder, & H. Seder,* for the petitioner.

DOLAN, J. This is an appeal from a decree entered in the Probate Court ordering the respondent executor of the will of Lucy E. Amidon to pay to the petitioner the balance alleged to be due on a legacy bequeathed to Gilbert H. Rondeau, the petitioner's testator, by the will of said Lucy E. Amidon. See G. L. (Ter. Ed.) c. 197, § 19.

The evidence is not reported but in response to the request of the respondent the judge made a report of material

facts in which he found in part that the facts stated in the petition were true, and incorporated in his report by reference the contents of the Amidon will and of the respondent's first account which had not been allowed at the time of entry of the decree appealed from.

The material facts disclosed by the documentary evidence or found by the judge may be summarized as follows. Under the Amidon will the testatrix bequeathed to Gilbert H. Rondeau a legacy of $3,000. He survived the testatrix and a partial payment of $1,421.66 was made on account of this legacy. The pecuniary legacies bequeathed under the Amidon will amounted to $48,200. The legatees other than Rondeau have received payments of thirty-three and one third per cent of their legacies. The unpaid balance of legacies amounts to about $32,000. The assets of the estate in the hands of the respondent are set forth in schedule C of his first account as follows:

**1941**

| Dec. 19 | 2,229 shares Common Stock | @ | $20.00 | 44,580 | 00 |
| | 292 " Preferred Stock | @ | 70.00 | 20,440 | 00 |
| | (Providence Public Market Co.) | | | | |
| | Worcester Country Club Bond . . . . | | | 100 | 00 |
| | Balance in checking account . . . . . | | | 1,619 | 00 |
| | | | | 66,739 | 00 |

It further appears in schedule B of the account that in October, 1939, four hundred thirty-seven shares of the preferred stock of the Providence Public Market Company inventoried at $30,590 were sold by the respondent for $26,220, the loss from inventory value being $4,370. The judge specifically found that the respondent is chargeable with at least the amount shown by the balance of the first account filed by him; that "no suits of creditors are pending and that all debts are paid or barred by statute of limitations"; that "the respondent has made effort to liquidate the stock belonging to the estate and described in said inventory and account, but has never offered it for sale at auction"; that he (the judge) "cannot find, if material, the actual market value at the present time of the securities

of the estate"; that "for thirty years [the executor had] been connected with the company whose stock forms the bulk of the estate . . . [and] is now treasurer of this company, and a substantial stockholder in his own right"; that his "son is one of the residuary legatees"; and "that an unreasonable time has elapsed since the allowance of this will, in delaying the liquidation of the estate and payment of this legacy." The judge stated that the material facts set forth above were those on which his decree is founded.

The question presented is whether the facts found by the judge support the decree entered by him. We are of opinion that they do not support the decree, since they do not justify a conclusion that the assets in the hands of the executor are sufficient to satisfy in full the pecuniary legacies bequeathed by the testatrix. It is true that the judge found that the executor was chargeable "with at least the amount shown by the balance of the first account filed by him," but that was an inconclusive finding since the respondent was chargeable by statute with the items contained in the statement of the balance at inventory value, subject to be charged with gain or to be credited with loss sustained without his fault, upon a determination of such a gain or loss. See G. L. (Ter. Ed.) c. 206, § 5; *Argus* v. *Kokkorou*, 308 Mass. 315. But there was no such determination by the judge in the present case. The account was not in fact adjudicated and the judge moreover reported that he could not determine the actual market value of the securities of the estate at the present time. The securities, inventoried at $65,020, constituted the entire assets in the hands of the respondent with the exception of cash $1,619, and a bond of a country club carried at $100, and the balance of pecuniary legacies remaining unpaid is about $32,000, with interest at four per cent from one year from July 19, 1937, the date of death of the testatrix. See *Smith* v. *Livermore*, 298 Mass. 223, 244, 245; G. L. (Ter. Ed.) c. 197, § 20. The findings of the judge do not support a conclusion that the assets of the estate are sufficient to pay the pecuniary legacies in full, and properly no contention is made that the

legacy with which we are here concerned is to be treated preferentially. See *Towle* v. *Swasey*, 106 Mass. 100, 104–105.

The finding of the judge that there had been unreasonable delay in the liquidation of the estate and the payment of this legacy adjudicated nothing with respect to the sufficiency of assets to satisfy the pecuniary legacies. In case of unreasonable delay the remedy was by a direction of the sale of the securities held by the respondent and the satisfaction of pecuniary legacies out of the proceeds to the extent that they, together with the other assets of the estate, proved sufficient. That course, however, has not been pursued and so far as appears the actual market value of the securities remains unascertained with the result reached by the judge to the effect that he could not determine their actual value at the present time. That being so, it cannot be concluded properly that it has been established by the facts found that the assets of the estate are sufficient to satisfy the pecuniary legacies.

Relying largely upon *Kent* v. *Dunham*, 106 Mass. 586, and *Fitch* v. *Randall*, 163 Mass. 381, the petitioner has argued that the defence offered by the respondent that the administration of the estate has not been completed is not open to the respondent. That is true in general but, as is pointed out in the cases just cited, that is upon the condition that the assets of the estate are sufficient to satisfy the legacy in full. In the *Kent* case it is pointed out that there is no allegation of insufficiency of assets, and in the *Fitch* case "all that the defendants offered to show . . . fell short of showing that they had made any final accounting, or were without assets to meet the plaintiff's claim." (Page 382.) In the present case we are of opinion that it cannot be said properly that the petitioner has shown that the assets in the hands of the respondent are sufficient to meet the petitioner's claim. See *Harmon* v. *Sweet*, 221 Mass. 587, 595.

The facts show that a petition of this character cannot be maintained by the petitioner at the present time.

The decree entered in the Probate Court is reversed and instead a decree is to be entered dismissing the petition.

*Ordered accordingly.*